[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 1, 2012
JOHN LEY
CLERK

No. 11-11818
Non-Argument Calendar

_____

D.C. Docket No. 8:10-cr-00465-JSM-MAP-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ENRIQUE BORJA-ANTUNEZ,
a.k.a. Enrique Borja-Antunes,
a.k.a. Jesus Borcha,
a.k.a. Teodoro Martinez-Jimenez,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(February 1, 2012)

Before HULL, MARCUS and BLACK, Circuit Judges.

PER CURIAM:

Enrique Borja-Antunez appeals his total sentence of 63 months, imposed above the guideline range of 41 to 51 months after he pled guilty to one count of reentry after deportation as an aggravated felon, in violation of 8 U.S.C. § 1326(a) and (b)(2), and one count of entering the United States at an improper time and place, in violation of 8 U.S.C. §§ 1325(a)(1) and 1329. He contends that his total sentence is procedurally and substantively unreasonable because it overrepresents his criminal history and creates unwarranted disparities between his sentence and that of similarly situated defendants. The government responds that the total sentence is reasonable, but it also asks us to vacate and remand for the limited purpose of correcting a clerical error in the written judgment. After careful review, we affirm in part, and vacate and remand in part.

We review the sentence a district court imposes for "reasonableness," which "merely asks whether the trial court abused its discretion." United States v. Pugh, 515 F.3d 1179, 1189 (11th Cir. 2008) (quoting Rita v. United States, 551 U.S. 338, 351 (2007)). Borja-Artunez bears the burden of demonstrating that his sentence is unreasonable. United States v. Turner, 626 F.3d 566, 573 (11th Cir. 2010).

In reviewing sentences for reasonableness, we typically perform two steps. Pugh, 515 F.3d at 1190. First, we "'ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating)

2

the Guidelines range, treating the Guidelines as mandatory, failing to consider the §

3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to

adequately explain the chosen sentence -- including an explanation for any deviation

from the Guidelines range.'" Id. (quoting Gall v. United States, 552 U.S. 38, 51

(2007)).[1] "[T]he justification for [any] variance must be sufficiently compelling to

support the degree of the variance." United States v. Irey, 612 F.3d 1160, 1187 (11th

Cir. 2010) (en banc) (quotation omitted), cert. denied, 131 S.Ct. 1813 (2011). We

may not presume that a non-guidelines sentence is unreasonable and generally must

defer to the district court's decision that the § 3553(a) factors justify the extent of the

variance. See id.

If we conclude that the district court did not procedurally err, we must consider

the "'substantive reasonableness of the sentence imposed under an

abuse-of-discretion standard,'" based on the "'totality of the circumstances.'" Pugh,

515 F.3d at 1190 (quoting Gall, 552 U.S. at 51). This review is "deferential,"

requiring us to determine "whether the sentence imposed by the district court fails to

---

[1]The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for the sentence imposed to afford adequate deterrence; (4) the need to protect the public; (5) the need to provide the defendant with educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) the pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

achieve the purposes of sentencing as stated in section 3553(a)." United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005). "[W]e will not second guess the weight (or lack thereof) that the [district court] accorded to a given factor ... as long as the sentence ultimately imposed is reasonable in light of all the circumstances presented." United States v. Snipes, 611 F.3d 855, 872 (11th Cir. 2010) (quotation, alteration and emphasis omitted), cert. denied, 131 S.Ct. 2962 (2011). We will "vacate the sentence if, but only if, we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." See Irey, 612 F.3d at 1190.

Borja-Atunez has not shown that his above-guidelines sentence was procedurally or substantively unreasonable. In particular, Borja-Antunez points to no cases supporting his arguments that his sentence is unreasonable because prisons are overcrowded or fail to prevent recidivism. Nor has he demonstrated that he is similarly situated to the defendants to which he refers. Moreover, his sentence does not overrepresent his criminal history because he only received three criminal history points despite a criminal history which includes convictions for possession with the intent to distribute methamphetamine, giving false information to a police officer, and delivering a controlled substance. Thus, considering the § 3553(a) factors and the

4

totality of the circumstances, the district court did not abuse its discretion in concluding that an above-guidelines sentence was sufficient but not greater than necessary to deter Borja-Antunez from committing further crimes and protect the public from such crimes.

However, as the district court noted during Borja-Antunez's plea colloquy, the maximum sentence for count 2, a violation of 8 U.S.C. § 1325, is 6 months. At sentencing, the court orally pronounced a sentence of 6 months on count 2, to run concurrently with the 63-month sentence on count 1. The written judgment, however, indicates that the court imposed a sentence of 63 months' imprisonment on both counts, which it set to run concurrently. Accordingly, we vacate and remand for the limited purpose of correcting the written judgment to reflect the sentence that the court orally pronounced, but otherwise affirm Borja-Antunez's total sentence as procedurally and substantively reasonable.

**AFFIRMED IN PART AND VACATED AND REMANDED IN PART.**