[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-12879
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 6, 2012
JOHN LEY
CLERK

D.C. Docket No. 4:10-cr-00005-RLV-WEJ-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALBERT VERNON NORTON,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(February 6, 2012)

Before HULL, MARCUS and BLACK, Circuit Judges.

PER CURIAM:

Albert Vernon Norton appeals his total sentence of 264 months in prison, after pleading guilty to the charge of receiving child pornography, in violation of 18 U.S.C. § 2252(a)(2) and (b). On appeal, Norton argues that: (1) the district court failed to rule upon his objections to the presentence investigation report ("PSI"), failed to consider all of the 18 U.S.C. § 3553(a) statutory factors, and failed to adequately explain the reasons for the sentence it imposed; and (2) his sentence was substantively unreasonable because, in light of all of the circumstances, including his poor health, the sentence was longer than necessary to meet the goals of § 3553. After careful review, we affirm.

We review issues first raised on appeal under a plain error standard. United States v. Chisholm, 73 F.3d 304, 307 (11th Cir. 1996). A court of appeals has discretion to correct plain errors or defects affecting substantial rights. Id. We exercise this discretion only if: (1) there is error, (2) the error is plain, (3) the error affects substantial rights, and (4) the error seriously affects "the fairness, integrity, or public reputation" of the defendant's sentencing proceeding. United States v. Olano, 507 U.S. 725, 733-34 (1993). We review the sentence a district court imposes for "reasonableness," which "merely asks whether the trial court abused its discretion."

United States v. Pugh, 515 F.3d 1179, 1189 (11th Cir. 2008) (quoting Rita v. United States, 551 U.S. 338, 351 (2007)).

In reviewing sentences for reasonableness, we typically perform two steps. Id. First, we "'ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence -- including an explanation for any deviation from the Guidelines range.'" Id. (quoting Gall v. United States, 552 U.S. 38, 51 (2007)).

If we conclude that the district court did not procedurally err, we must consider the "'substantive reasonableness of the sentence imposed under an abuse-of-discretion standard,'" based on the "'totality of the circumstances.'" Id. (quoting Gall, 552 U.S. at 51). This review is "deferential," requiring us to determine "whether the sentence imposed by the district court fails to achieve the purposes of sentencing as stated in section 3553(a)." United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005). "[W]e will not second guess the weight (or lack thereof) that the [district court] accorded to a given factor ... as long as the sentence ultimately imposed is reasonable in light of all the circumstances presented." United States v. Snipes, 611 F.3d 855, 872 (11th Cir. 2010) (quotation, alteration and emphasis

omitted), cert. denied, 131 S.Ct. 2962 (2011). We will "vacate the sentence if, but only if, we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." See United States v. Irey, 612 F.3d 1160, 1190 (11th Cir. 2010) (en banc) (quotation omitted), cert. denied, 131 S. Ct. 1813 (2011).

"[E]specially" in the context of child sex crimes, we "expect sentences within the advisory guidelines range to be reasonable." United States v. Sarras, 575 F.3d 1191, 1220 (11th Cir. 2009). Norton bears the burden of demonstrating that his sentence is unreasonable. United States v. Turner, 626 F.3d 566, 573 (11th Cir. 2010).

As an initial matter, Norton did not preserve the issue of the district court's supposed failure to rule on his objections to the PSI for appeal. Moreover, he has not shown that the district court committed error -- plain or otherwise. The record shows that the district court considered and ruled upon his objections, specifically saying after hearing Norton's arguments that it would "adopt the findings of the [PSI], including those where there have been objections." In addition, Norton has not attempted to show that any such error could have affected his substantial rights, and has abandoned any argument on the merits of his objections.

4

Nor has Norton shown that his sentence was unreasonable. While Norton objected to his sentence based only on substantive unreasonableness and not on procedural unreasonableness, under any standard of review, his sentence was procedurally reasonable. There is no indication that the district court treated the guidelines as mandatory or failed to consider the relevant § 3553 factors. The court did not base the sentence on erroneous facts, and it offered a sufficient explanation for its selection of the sentence it imposed.

The sentence, which was within the guideline range, was also substantively reasonable. Receiving child pornography is a serious crime that victimizes children. In addition to the seriousness of the offense, the district court was required to consider the history and characteristics of the defendant, and the need to protect the public from the defendant's future criminal conduct. In this regard, Norton's prior convictions for sex offenses against children weigh strongly in favor of the imposition of a lengthy sentence. The district court did not ignore any of the § 3553 factors. Rather, the record demonstrates that the court considered Norton's arguments regarding his ill health and other factors, and decided these factors were outweighed by the need to protect the public and the seriousness of the offense. Because the sentence reflects a proper balancing of the § 3553(a) factors, Norton has not met his burden to show an abuse of discretion. Accordingly, we affirm the sentence as

5

reasonable.

**AFFIRMED.**