[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-13153
Non-Argument Calendar
_____

D.C. Docket No. 6:11-cr-00361-ACC-DAB-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMES T. PARKER,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(February 12, 2013)

Before DUBINA, Chief Judge, MARCUS and KRAVITCH, Circuit Judges.

PER CURIAM:

Appellant James Parker appeals his 48-month sentence, 24 months above the

guidelines range, that the district court imposed after he pled guilty to theft of

government money, in violation of 18 U.S.C. § 641.  On appeal, Parker argues that his sentence was procedurally and substantively unreasonable because the district court, in discussing only the fact that he dismembered his mother's body after her death, failed to explain adequately its justification for the upward variance, and failed to consider all of the 18 U.S.C. § 3553(a) sentencing factors.

We review the reasonableness of a sentence under a "deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41, 128 S. Ct. 586, 591, 169 L. Ed. 2d 445 (2007).  Under the abuse-of-discretion standard, we will not reverse a district court so long as the district court's ruling does not constitute a clear error of judgment.  *United States v. Frazier*, 387 F.3d 1244, 1259 (11th Cir. 2004).  The party challenging the sentence has the burden to establish that the sentence is unreasonable.  *United States v. Turner*, 626 F.3d 566, 573 (11th Cir. 2010).  In reviewing a sentencing decision, we determine, first, whether the district court committed any "significant procedural error," and second, whether the sentence was "substantively reasonable under the totality of the circumstances." *Id.*

We must consider several factors to determine if a sentence is procedurally reasonable, including whether the district court properly calculated the guidelines range, improperly treated the guidelines as mandatory, failed to consider the § 3553(a) factors, selected a sentence based on clearly erroneous facts, or failed to

2

adequately explain its chosen sentence. *Gall*, 552 U.S. at 51, 128 S. Ct. at 597.

The district court must "adequately explain the chosen sentence to allow for

meaningful appellate review." *Gall*, 552 U.S. at 50, 128 S. Ct. at 597. If the

district court determines that a sentence outside the guidelines range is appropriate,

it should explain why the variance is appropriate and the "justification for the

variance must be sufficiently compelling to support the degree of the variance."

*United States v. Irey,* 612 F.3d 1160, 1186-87 (11th Cir. 2010) (*en banc*) (internal

quotation marks omitted), *cert. denied,* ___ U.S. ___, 131 S. Ct. 1813 (2011).

After determining that the sentence is procedurally reasonable, this court

must consider the substantive reasonableness of the sentence. *Gall*, 552 U.S. at 51,

128 S. Ct. at 597. A sentence is substantively reasonable if, under the totality of

the circumstances, it achieves the purposes of § 3553(a). *United States v.

Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008). While the district court must

provide a sufficiently compelling justification for the variance, this Court "may not

presume that a sentence outside the guidelines is unreasonable and must give due

deference to the district court's decision that the § 3553(a) factors, on a whole,

justify the extent of the variance." *Irey*, 612 F.3d. at 1187 (internal quotation

marks omitted). This Court will only reverse due to a variance if it has a "definite

and firm conviction that the district court committed a clear error of judgment in

weighing the § 3553(a) factors by arriving at a sentence that lies outside the range

of reasonable sentences dictated by the facts of the case." *United States v. Shaw*, 560 F.3d 1230, 1238 (11th Cir. 2009) (internal quotation marks omitted).

The district court must impose a sentence "sufficient, but not greater than necessary to comply with the purposes" listed in § 3553(a)(2), including the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, and protect the public. *See* 18 U.S.C. § 3553(a)(2). In imposing a particular sentence, the court must also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable guideline range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwanted sentencing disparities, and the need to provide restitution to victims. § 3553(a)(1), (3)-(7).

We conclude from the record that Parker's 48-month sentence is reasonable. The district court committed no procedural error. The court sufficiently explained the reasoning behind the sentence imposed to allow for meaningful appellate review. *Gall*, 552 U.S. at 50, 128 S. Ct. at 597. Furthermore, the court provided a sufficiently compelling justification for the upward variance. *Irey*, 612 F.3d at 1187. The court explained that Parker's mutilation of his mother's body in order to continue receiving her social security checks after her death merited the upward variance. As to substantive unreasonableness, Parker argues that the district court

4

improperly considered only two of the § 3553(a) factors.  However, the court explicitly stated that it had considered all of the sentencing factors in addition to the underlying facts of the case.  The weight given to each § 3553(a) factor is "a matter committed to the sound discretion of the district court."  *United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007) (internal quotation marks omitted).  Parker has not met his burden to show an abuse of discretion.  Accordingly, we affirm the sentence as procedurally and substantively reasonable.

    **AFFIRMED.**