[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-15074
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 17, 2010
JOHN LEY
CLERK

D. C. Docket No. 09-00122-CR-LSC-TMP

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SAMUEL JAY TURNER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(November 17, 2010)

Before BARKETT, HULL and MARCUS, Circuit Judges.

PER CURIAM:

After pleading guilty, Samuel Jay Turner appeals his total 300-month

sentence for receiving child pornography, in violation of 18 U.S.C. § 2252A(a)(2) (count one), and possessing child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B) (count two). On appeal, Turner argues that the district court erred in applying a five-level sentencing enhancement for engaging in a "pattern of activity" involving the sexual abuse or exploitation of a minor under U.S.S.G. § 2G2.2(b)(5). Turner also contends that his 300-month sentence is substantively unreasonable. After review, we affirm.

## I. BACKGROUND

### A. Offense Conduct

Turner subscribed to a website from which he purchased child pornography. Unbeknownst to Turner, the website was part of a nationwide undercover project, called Operation Thin Ice.

On February 18, 2009, Immigration and Customs Enforcement ("ICE") agents obtained and executed a search warrant for Turner's residence, including his computer. The ICE agents found computer media, including one hard drive used to receive images of child pornography and another hard drive that contained images of child pornography.

Turner was present during the search. Afterward, Turner voluntarily spoke to the agents and confessed to using the Internet to receive and possess images of

2

child pornography.  Subsequent forensic examination of Turner's computer media revealed over 600 images of child pornography, some of which depicted sado-masochistic images involving children under the age of twelve engaging in sexual acts with adults.

**B.**      **Presentence Investigation Report**

The revised Presentence Investigation Report ("PSI") recommended: (1) a base offense level of 22, pursuant to U.S.S.G. § 2G2.2(a)(2); (2) a two-level reduction, pursuant to U.S.S.G. § 2G2.2(b)(1), because Turner did not intend to distribute the child pornography; (3) a three-level reduction, pursuant to U.S.S.G. § 3E1.1, for acceptance of responsibility; (4) a two-level increase, pursuant to U.S.S.G. § 2G2.2(b)(2), because the offense involved a prepubescent minor or a minor who had not attained the age of twelve; (5) a four-level increase, pursuant to U.S.S.G. § 2G2.2(b)(4), because the materials portrayed sadistic or masochistic conduct; (6) a two-level increase, pursuant to U.S.S.G. § 2G2.2(b)(6), because the offense involved the use of a computer; and (7) a five-level increase, pursuant to U.S.S.G. § 2G2.2(b)(7)(D), because the offense involved more than 600 images.

The revised PSI also recommended a five-level increase, pursuant to U.S.S.G. § 2G2.2(b)(5), because Turner previously had been convicted of sexually abusing a minor female from the age of two to the age of four.  According to the

revised PSI's criminal history section, Turner was convicted of first degree sexual assault in Alabama state court in 1990. At the time of Turner's conviction, the minor female victim was approximately seven or eight years old.

Although the Alabama state court in 2009 could not provide further details of this offense, the United States Attorney's Office received a statement from the victim, who is now an adult. The victim reported that between the approximate ages of two and five, she was sexually abused by Turner "on numerous occasions." Turner, who was the best friend of the victim's father, would enter her house at night and molest her. The victim's statement described in detail the molestation that occurred "most nights," how she eventually told her parents, the ensuing investigation and trial and the effect Turner's abuse has had on her life.[1]

Pursuant to U.S.S.G. § 4A1.2(e), the revised PSI did not assign criminal history points for the 1990 sexual abuse conviction because the sentence was imposed more than fifteen years before the commencement of the child pornography offenses. However, due to the 1990 sexual abuse conviction, Turner's statutory mandatory minimum was fifteen years and his statutory

---

[1]The initial PSI did not recommend the five-level "pattern of activity" enhancement because the details of the 1990 sexual abuse conviction were not available. The government objected, arguing that the enhancement should apply and submitted the victim's statement providing the details of the sexual abuse and its impact on the victim. A subsequent addendum to the PSI adopted the government's position on the enhancement. The revised PSI included the details of the sexual abuse and applied the five-level "pattern of activity" enhancement. Turner did not object to these factual details in the revised PSI.

maximum was forty years for count one and his statutory mandatory minimum was ten years and his statutory maximum was twenty years for count two. See 18 U.S.C. § 2252A(b)(1) &(2) (imposing increased mandatory minimum and maximum sentences if the defendant has, inter alia, a prior state conviction for aggravated sexual abuse, sexual abuse or abusive sexual conduct involving a minor).

With a total offense level of 35 and a criminal history category of I, the revised PSI calculated an initial guidelines range of 168 to 210 months' imprisonment. However, because of the fifteen-year statutory mandatory minimum for count one, the revised PSI noted that Turner's advisory guidelines range became 180 to 210 months' imprisonment, pursuant to U.S.S.G. § 5G1.1(c)(2).

Turner objected to the five-level "pattern of activity" enhancement. Turner argued that his 1990 sexual abuse conviction was too isolated and attenuated to, and too substantively different from, the current offense to constitute a pattern of activity. However, Turner did not contend that the details of the sexual abuse were inaccurate or object to the factual statements as to the 1990 sexual abuse conviction in the revised PSI's criminal history section.

**C.     Sentencing**

5

At sentencing, Turner reasserted his objection to § 2G2.2(b)(5)'s five-level "pattern of activity" enhancement. Turner argued that his nearly twenty-year-old sexual abuse conviction was too remote to constitute part of a "pattern of activity" of sexual abuse and that the phrase "pattern of activity" was vague. Turner also pointed out that the victim was four years old when the sexual abuse occurred and was making her statement twenty years later. Although Turner did not object to the factual details of the sexual abuse offense, he asked the court to "take that into consideration."

The district court noted that the victim "clearly recalled" a "great amount of the details" and that Turner was actually convicted of the offense in 1990 (at which time the female victim was seven or eight years old). The district court overruled Turner's objection and found that the § 2G2.2(b)(5) five-level enhancement was applicable. The district court adopted the PSI's factual statements and guidelines calculations and found that the advisory guidelines range was 180 to 210 months.

In mitigation, Turner pointed to the accessibility of child pornography on the Internet and contended that he was not a bad person. Turner personally apologized for his behavior and expressed regret. Turner asked for concurrent sentences of fifteen years on count one and ten years on count two.

Before imposing a sentence, the district court emphasized the seriousness of

Turner's offense, that Turner had paid to obtain this child pornography and that Turner was paying for a third party to abuse a small child for his pleasure, as follows:

> . . .[T]he thing is that folks that actively pursue child pornography on the Internet, downloading it, viewing it, getting it, which I know that you went to a website that was at least, I believe this is right, went to a web site that was a government sting operation and obtained, I assume paid for - - did he pay for it?
> [Prosecutor]: Yes, your honor.
> The Court: That, you know, if that had not been a government web site and you had done that, then you paying for those images would have been you paying for someone else to abuse a small child for your pleasure, and that's a shame. And it's not something that our society should or can permit to exist.

The district court noted that it had seen studies suggesting people who abuse small children are less likely to change. The district court stated that it did not know if that was true or not and expressed hope that Turner could change. The district court explained that the fact that Turner had "actually done something with a child before" made Turner "more dangerous to society, dangerous to children."

The district court considered the advisory guidelines range of 180 to 210 months, but found it "insufficient to accomplish the goals of the federal statutes." The district court then imposed the mandatory minimum 180-month sentence on count one and the mandatory minimum 120-month sentence on count two, to be served consecutively, for a total sentence of 300 months' imprisonment. The

7

district court also imposed supervised release for Turner's lifetime, with various special conditions of supervised release, such as limiting Turner's contact with minors and requiring Turner to register as a sex offender and to participate in the Probation Office's computer restriction monitoring program and mental health treatment program for sex offenders.

The district court further explained that it had considered the 18 U.S.C. § 3553 factors in determining an appropriate sentence. The district court stressed, in particular, the nature and circumstances of the offense, Turner's history and characteristics, the need for the sentence to reflect the seriousness of the offense, promote respect for the law and provide just punishment and the need to deter Turner. In its written Statement of Reasons, the district court reasserted these factors as the reason for imposing a sentence above the advisory guidelines range. The district court added that Turner had a conviction for abusing a very young child, and his instant offense was for pornography involving very young children. Turner filed this appeal.

## II. DISCUSSION

### A.   U.S.S.G. § 2G2.2(b)(5) Enhancement

Under U.S.S.G. § 2G2.2, "[i]f the defendant engaged in a pattern of activity involving the sexual abuse or exploitation of a minor," the defendant's offense

level is increased by five.  U.S.S.G. § 2G2.2(b)(5).  The commentary defines

"[p]attern of activity involving the sexual abuse or exploitation of a minor" as:

> any combination of two or more separate instances of the sexual abuse
> or sexual exploitation of a minor by the defendant, whether or not the
> abuse or exploitation (A) occurred during the course of the offense;
> (B) involved the same minor; or (C) resulted in a conviction for such
> conduct.

U.S.S.G. § 2G2.2 cmt. n.1.  The commentary excludes from the definition of

"sexual abuse or exploitation" the "possession, accessing with intent to view,

receipt, or trafficking in material relating to the sexual abuse or exploitation of a

minor."  Id.[2]

"The government bears the burden of establishing by a preponderance of the

evidence the facts necessary to support a sentencing enhancement."  United States

v. Kinard, 472 F.3d 1294, 1298 (11th Cir. 2006).  However, "[i]t is the law of this

circuit that a failure to object to allegations of fact in a PSI admits those facts for

sentencing purposes."  United States v. Wade, 458 F.3d 1273, 1277 (11th Cir.

2006).

Here, Turner did not object to the revised PSI's factual allegations that he

---

[2]We review "purely legal questions de novo, a district court's factual findings for clear error, and, in most cases, a district court's application of the guidelines to the facts with 'due deference.'"  United States v. Rothenberg, 610 F.3d 621, 624 (11th Cir. 2010).  The due deference standard is "tantamount to clear error review," which is satisfied if we are "left with a definite and firm conviction that a mistake has been committed."  Id.

sexual abused a very small child "numerous times" over a period of two or three years, which resulted in his 1990 conviction in Alabama state court for first degree sexual abuse. Thus, these facts are deemed admitted for sentencing purposes.

Further, the admitted facts are sufficient to establish a "pattern of activity involving the sexual abuse or exploitation of a minor" within the meaning of U.S.S.G. § 2G2.2(b)(5). Turner's undisputed sexual abuse of the little girl "numerous times" involved more than two separate instances. Indeed, according to the statement of the victim, who is now an adult, it occurred "most nights" over the two- or three-year period.

Turner's argument that the "pattern of activity" must be between the past sexual abuse and the current offense lacks merit. The commentary to § 2G2.2 specifically excludes from the definition of "sexual abuse or exploitation of a minor" the receipt or possession of "material relating to the sexual abuse or exploitation of a minor." U.S.S.G. § 2G2.2 cmt. n.1. In other words, Turner's current offenses of receipt and possession of child pornography cannot be considered in determining whether he has engaged in a pattern of activity.[3]

---

[3]For this reason, we also find meritless Turner's claim that § 2G2.2(b)(5) is illogical and "misleading on its face." Contrary to Turner's contention, an offense of conviction to which § 2G2.2(b)(5) applies cannot be used to establish the pattern of activity, and, necessarily, two other separate instances of sexual abuse or exploitation of a minor must be shown to support the enhancement. See U.S.S.G. § 2G2.2 cmt. n.1.

10

Turner alternatively argues that his 1990 sexual abuse conviction is too remote in time to constitute a "pattern of activity." This Court has explained that the commentary to U.S.S.G. § 2G2.2 defining the phrase "pattern of activity involving the sexual abuse or exploitation of a minor" permits the sentencing court to consider "conduct unrelated to the offenses of conviction." United States v. Anderton, 136 F.3d 747, 751 (11th Cir. 1998).[4] However, we have not addressed whether U.S.S.G. § 2G2.2(b)(5) has a temporal limitation on unrelated conduct that is considered.

The five circuits that have addressed this question have consistently concluded that the plain language of § 2G2.2(b)(5) does not place a time limit on past instances of sexual abuse or exploitation a court may consider in finding a pattern of activity. See United States v. Olfano, 503 F.3d 240, 243 (3d Cir. 2007) (involving convictions approximately 16 and 13 years old); United States v. Garner, 490 F.3d 739, 742-43 (9th Cir. 2007) (involving sexual abuse occurring "at least 35 years earlier"); United States v. Gawthrop, 310 F.3d 405, 412-14 (6th Cir. 2002) (involving an 11-year-old conviction); United States v. Woodward, 277 F.3d

_____

[4]Prior to 1996, the commentary to U.S.S.G. § 2G2.2 defined a pattern of activity as "any combination of two or more separate instances of the sexual abuse or exploitation of a minor, whether involving the same or different victims." Anderton, 136 F.3d at 750. In 1996, the Sentencing Commission amended the commentary "to clarify that a 'pattern of activity' may include acts of sexual abuse or exploitation that were not committed during the course of the instant offense or that did not result in a conviction." Id.

11

87, 90-92 (1st Cir. 2002) (involving multiple convictions between 22 and 27 years old); United States v. Lovaas, 241 F.3d 900, 903-04 (7th Cir. 2001) (involving sexual abuse that occurred 26 years earlier).

We agree with our sister circuits. "[A] guideline's meaning is derived first from its plain language and, absent ambiguity, no additional inquiry is necessary." United States v. Campa, 529 F.3d 980, 1012 (11th Cir. 2008). Nothing in § 2G2.2(b)(5) or its commentary suggests that the "pattern of activity" must be temporally close to the offense of conviction. Under the plain terms of the commentary, the only requirements for establishing a "pattern of activity" are two or more instances of sexual abuse or exploitation of a minor that are separate from one another. Turner's repeated sexual abuse of a little girl over several years in the late 1980s more than satisfies those requirements. Accordingly, the district court did not err in applying the five-level enhancement pursuant to § 2G2.2(b)(5).

**B.      Reasonableness**

Turner argues that the district court's decision to run his 180-month and 120-month sentences consecutively, for a total 300-month sentence, was substantively unreasonable. We review the reasonableness of a sentence for abuse of discretion using a two-step process. United States v. Pugh, 515 F.3d 1179, 1190 (11th Cir. 2008). We look first at whether the district court committed any

significant procedural error and then at whether the sentence is substantively

reasonable under the totality of the circumstances. Id.[5] The party challenging the

sentence bears the burden to show it is unreasonable in light of the record and the

§ 3553(a) factors.[6] United States v. Thomas, 446 F.3d 1348, 1351 (11th Cir.

2006). The district court also considers the § 3553(a) factors as to each offense

when determining whether imprisonment terms should be imposed concurrently or

consecutively. 18 U.S.C. § 3584(b).

"If, after correctly calculating the guidelines range, a district court decides

that a sentence outside that range is appropriate, it must 'consider the extent of the

deviation and ensure that the justification is sufficiently compelling to support the

degree of the variance.'" United States v. Williams, 526 F.3d 1312, 1322 (11th

Cir. 2008) (quoting Gall v. United States, 552 U.S. 38, 50, 128 S. Ct. 586, 597

(2007)). Likewise, although "[s]entences outside the guidelines are not presumed

to be unreasonable, . . . we may take the extent of any variance into our calculus."

---

[5]Apart from his challenge to the district court's application of the § 2G2.2(b)(5) "pattern of activity" enhancement, Turner does not argue that his sentence is procedurally unreasonable.

[6]The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

United States v. Shaw, 560 F.3d 1230, 1237 (11th Cir.), cert. denied, 129 S. Ct. 2847 (2009).  However, we "must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance."  Gall, 552 U.S. at 51, 128 S. Ct. at 597.

Here, the total 300-month sentence represented a 90-month variance from the high end of the advisory guidelines range of 180 to 210 months.  Turner has not met his burden to show that this upward variance was unreasonable.

Turner's offenses were extremely serious.  Turner received over the Internet and then stored on his hard drive over 600 images of child pornography.  Some of these images depicted children under the age of twelve engaging in sexual contact with adults that were sado-masochistic in nature.

Turner emphasizes that he did not produce or distribute the child pornography and characterizes his involvement in the exploitation of the children depicted as indirect.  When Turner subscribed to the undercover website, he purchased additional images of child pornography.  As the district court noted (and this Court has recognized), receiving and possessing child pornography helps create a market for more pornography, encouraging the victimization of more children.  See United States v. Pugh, 515 F.3d 1179, 1196-97 (11th Cir. 2008).

Furthermore, as the district court explained, Turner poses a more dangerous

threat to society than many child pornography defendants given his history of actually abusing a small child and the increased recidivism of child sexual abusers. Although Turner argues that his 1990 sexual abuse conviction was already taken into account through the application of § 2G2.2(b)(5)'s five-level enhancement, the district court was not precluded from also considering it under the § 3553(a) factors. See United States v. Amedeo, 487 F.3d 823, 833 (11th Cir. 2007) (rejecting argument that because conduct was considered in imposing guidelines enhancement, it could not be considered under the § 3553(a) factors in imposing an upward variance). Under the totality of the circumstances, and giving due deference to the district court's determination that the § 3553(a) factors, on the whole, justified the 90-month variance, we cannot say the district court abused its discretion in imposing a total 300-month sentence.

**AFFIRMED.**