[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 15, 2011
JOHN LEY
CLERK

_____

No. 09-14433

_____

D. C. Docket No. 08-00308-CR-T-27-MSS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE QUIÑONES-FIGUEROA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(March 15, 2011)

Before TJOFLAT, BARKETT  and FAY, Circuit Judges.

PER CURIAM:

Jose Quiñones-Figueroa appeals his 328-month sentence after pleading

guilty to conspiracy to possess with intent to distribute 100 grams or more of

heroin, in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(B) (Count One); two counts of distribution of heroin, in violation of 21 U.S.C. § 841(a)(1), (a)(2), and (b)(1)(C) (Counts Two and Three); and possession with intent to distribute heroin, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (Count Four).

On appeal, he primarily argues that the district court erred by classifying him as a career offender under U.S.S.G. § 4B1.1, because the two prior controlled substance offenses used to support that enhancement should have been treated as a single offense.[1]

A federal defendant is a career offender subject to an enhanced sentence where, inter alia, he "has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a) (emphasis added). In determining whether a defendant's prior convictions should be counted separately, the career offender guideline incorporates § 4A1.2, U.S.S.G. § 4B1.2, comment. (n.3), which provides, in pertinent part:

> Prior sentences always are counted separately if the sentences were imposed for offenses that were separated by an intervening arrest (i.e., the defendant is arrested for the first offense prior to committing the second offense). If there is no intervening arrest, prior sentences are counted separately unless (A) the sentences resulted from offenses contained in the same charging instrument; or (B) the sentences were

_____

[1] "We review de novo a district court's decision to classify a defendant as a career offender under section 4B1.1." United States v. Whitson, 597 F.3d 1218, 1220 (11th Cir. 2010) (quotation marks omitted).

imposed on the same day.

U.S.S.G. § 4A1.2(a)(2).

In this case, the district court treated the following two prior convictions as separate offenses for career offender purposes.  First, in 1999, Quiñones-Figueroa pled guilty in the District of Puerto Rico for conspiracy to distribute cocaine, crack cocaine, and heroin from 1992 to 1995.  The following year, while serving his sentence, a federal grand jury in the same district returned another indictment against Quiñones-Figueroa, charging him with conspiracy to possess with intent to distribute cocaine from 1989 to 2000.  Quiñones-Figueroa pled guilty to that charge in 2002.

Quiñones-Figueroas argues that these two offenses should have been treated as a single offense because they each derived from the same set of underlying facts.  However, Quiñones-Figueroa concedes that there were two separate indictments and that he was sentenced for each offense on two different days.  These concessions are fatal to his argument, for the plain and unambiguous language of § 4A1.2(a)(2) provides that, regardless of whether there is an intervening arrest, prior convictions are to be treated separately unless: "(A) the sentences resulted from offenses contained in the same charging instrument; or (B) the sentences were imposed on the same day."  U.S.S.G. § 4A1.2(a)(2); see United

States v. Turner, 626 F.3d 566, 573 (11th Cir. 2010) ("A guideline's meaning is derived first from its plain language and, absent ambiguity, no additional inquiry is necessary.") (citation and alteration omitted).

The district court therefore did not err in sentencing Quiñones-Figueroa as a career offender. He also argues that his sentence was unreasonable, but we have reviewed the record and find his arguments to be without merit. Accordingly, we affirm.

**AFFIRMED.**