[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 29, 2011
JOHN LEY
CLERK

No. 08-17157
Non-Argument Calendar

_____

D. C. Docket No. 07-00095-CR-3-MCR

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMES NEIL WALLACE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(April 29, 2011)

Before BARKETT, MARCUS and BLACK, Circuit Judges.

PER CURIAM:

James Neil Wallace appeals his sentence, imposed after a jury convicted him

of possession of a firearm and ammunition by a convicted felon, and possession of a firearm and ammunition by an individual subject to a domestic violence restraining order, pursuant to 18 U.S.C. §§ 922(g)(1) and (g)(8). On appeal, Wallace asserts the district court erred in applying a two-level obstruction enhancement under § 3C1.1 because his trial testimony was truthful in material respects.[1] After careful review, we affirm Wallace's sentence.[2]

To obtain a two-level enhancement for obstruction of justice at sentencing, the burden is on the Government to show by a preponderance of the evidence that "the defendant willfully obstructed . . . the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction." *See* U.S.S.G. § 3C1.1; *see also United States v. Turner*, 626 F.3d 566, 572 (11th Cir. 2010) ("The government bears the burden of establishing by a preponderance of the evidence the facts necessary to support a sentencing enhancement.") (quotation omitted).

---

[1]At trial, Wallace testified on his own behalf to facts that were contradicted by the Government. Based on Wallace's testimony, the Government sought a two-level Guidelines enhancement for obstruction of justice. The district court applied this enhancement over Wallace's objection, finding portions of Wallace's testimony "to be untrue" and designed to instill sympathy in the jurors.

[2]We review the district court's application of an obstruction-of-justice enhancement for clear error. *United States v. Patti*, 337 F.3d 1317, 1324 (11th Cir. 2003).

For sentencing purposes, obstructive conduct includes the commission of perjury. U.S.S.G. § 3C1.1, cmt. n.4(b). Perjury occurs when a witness, testifying under oath, "gives false testimony concerning a material matter with the willful intent to provide false testimony, rather than as a result of confusion, mistake, or faulty memory." *United States v. Dunnigan*, 507 U.S. 87, 94-95 (1993). For § 3C1.1 purposes, material matters are those that "if believed, would tend to influence or affect the issue under determination." U.S.S.G. § 3C1.1, cmt. n.6.

The district court did not clearly err in imposing a two-level obstruction enhancement. At trial, Wallace's testimony, found to be untrue, undercut the offense element that he must knowingly possess the gun and ammunition charged. *See United States v. Farley*, 607 F.3d 1294, 1336 n.27 (11th Cir. 2010) (observing that the record fully supported an obstruction enhancement because the defendant gave false testimony that went to an element of the offense). His false statements undermining the credibility of the government's primary witness were a similar attempt to undercut the government's ability to prove this element. Wallace was aware of as much, explicitly arguing before the jury that the defense he presented established his possession was not knowing. Because Wallace testified falsely to facts that went directly to a required element of the offense, we affirm his two-level obstruction enhancement.

**AFFIRMED.**

3