# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-2939

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Missouri. |
| Michael Hutchinson, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: May 23, 2012
Filed: May 29, 2012

_____

Before BYE, COLLOTON, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Michael Hutchinson pleaded guilty to receipt and distribution of child pornography, in violation of 18 U.S.C. § 2252(a)(2) and (b)(1). The district court[1] sentenced him to 210 months in prison and 20 years of supervised release. Hutchinson appeals, and his counsel has filed a brief under Anders v. California, 386 U.S. 738 (1967), challenging the imposition of a sentence enhancement for engaging in a pattern of sexual abuse or exploitation of a minor, see U.S.S.G. § 2G2.2(b)(5),

_____

[1]The Honorable Richard E. Dorr, United States District Judge for the Western District of Missouri.

and the denial of a variance from the Guidelines imprisonment range of 210-240 months.

Hutchinson did not raise a temporal objection to the district court's finding of of a "pattern of activity." We see no plain error in light of testimony at the sentencing hearing that Hutchinson engaged in activity involving sexual abuse of a minor on a regular basis fifteen to nineteen years earlier, and authority from other circuits holding that § 2G2.2(b)(5) does not place time limit on past instances of sexual abuse or exploitation that may be considered in finding pattern of activity. See United States v. Turner, 626 F.3d 566, 572-73 (11th Cir. 2010) (per curiam). We also conclude that the sentence is not unreasonable, and there was no abuse of discretion in the district court's reasoned decision to deny Hutchinson's request for a variance. See United States v. Acosta, 619 F.3d 956, 962-63 (8th Cir. 2010) (reviewing defendant's challenge to denial of request for downward variance by reviewing sentence for reasonableness; applying deferential abuse-of-discretion standard and noting that, in its sentencing colloquy, district court properly explained its reasons for denying motion for downward variance).

Finally, we have reviewed the record independently under Penson v. Ohio, 488 U.S. 75, 80 (1988), and have found no nonfrivolous issues. Accordingly, the judgment is affirmed, and we grant counsel leave to withdraw.

_____