[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-15971
Non-Argument Calendar
_____

D.C. Docket No. 3:10-cr-00071-WKW-WC-1


UNITED STATES OF AMERICA,

                                                          Plaintiff-Appellee,

versus

OYANGO LANAR TOLBERT,

                                                          Defendant-Appellant.


_____

Appeal from the United States District Court
for the Middle District of Alabama
_____

(May 24, 2013)

Before WILSON, MARTIN and BLACK, Circuit Judges.

PER CURIAM:

Oyango Tolbert appeals his 186-month sentence, imposed after he was found guilty by a jury of one count of possession of cocaine base with intent to distribute, and one count of possession of cocaine with intent to distribute, both in violation of 21 U.S.C. § 841(a)(1). Tolbert's sentence includes a 36 month upward variance from the top end of his guideline range. On appeal, Tolbert argues his sentence is unreasonable because the district court failed to provide adequate justification for the variance and overemphasized his criminal history.

We review the reasonableness of a sentence under a deferential abuse of discretion standard. *Gall v. United States*, 128 S. Ct. 586, 591 (2007). To be upheld on appellate review, a sentence must be both procedurally and substantively reasonable. *United States v. Turner*, 626 F.3d 566, 573 (11th Cir. 2010). The party challenging the sentence bears the burden of showing it is unreasonable in light of the record and the § 3553(a) factors. *United States v. Rodriguez*, 628 F.3d 1258, 1264 (11th Cir. 2010).

*Procedural Reasonableness*

A sentence is procedurally unreasonable if the district court erred in calculating the guideline range, treated the guidelines as mandatory, failed to consider the § 3553(a) factors, selected a sentence based on clearly erroneous facts, or failed to adequately explain the sentence, including any deviation from the guideline range. *Rodriguez*, 628 F.3d at 1264. Extraordinary justification or rigid

2

mathematical formulas are not required for a sentence outside the guideline range, but the district court should explain why the variance is appropriate and the "justification for the variance must be sufficiently compelling to support the degree of the variance." *United States v. Irey*, 612 F.3d 1160, 1187 (11th Cir. 2010) (*en banc*) (quotations omitted).

The record demonstrates that the district court provided ample justification for the upward variance in Tolbert's sentence. The district court varied upward due to Tolbert's likelihood of recidivism, given his criminal history and disciplinary record in prison, and the inadequate extent to which his criminal background was captured in his criminal history category. Because the district court considered Tolbert's arguments and the § 3553(a) factors and provided an adequate explanation for the upward variance, Tolbert's total sentence was procedurally reasonable. *Irey*, 612 F.3d at 1187; *Rodriguez*, 628 F.3d at 1264.

*Substantive Reasonableness*

The substantive reasonableness of a sentence is determined in light of the totality of the circumstances, and we will not vacate a sentence as substantively unreasonable unless "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors" and issued a sentence outside the range of reasonable sentences. *Rodriguez*, 628 F.3d at 1264. A sentence outside the guidelines is not presumed to be unreasonable, and

3

we must give deference to the district court's decision that the § 3553(a) factors justify the extent of the variance. *Turner*, 626 F.3d at 574. When a defendant's criminal history category inadequately reflects his serious criminal record, an upward variance is within the discretion of the district court. *See United States v. Shaw*, 560 F.3d 1230, 1240-41 (11th Cir. 2009) (holding an upward variance for a defendant who had 1.5 times the necessary points to reach the highest possible criminal history category was reasonable).

Tolbert's sentence was substantively reasonable. The district court discussed its serious concerns regarding Tolbert's extensive criminal record and his high likelihood of recidivism. Tolbert's criminal history was replete with serious and harmful acts, like theft, reckless endangerment, and eluding law enforcement, and the district court's determination that an upward variance was necessary to protect the public was reasonable. *Turner*, 626 F.3d at 574. The district court also noted Tolbert had nearly half again as many points needed to reach the highest possible criminal history category, and acted within its discretion when varying upward to promote respect for the law and account for the high likelihood of recidivism. 18 U.S.C. § 3553(a)(2); *Shaw*, 560 F.3d at 1240-41. In sum, the district court did not abuse its discretion in imposing Tolbert's sentence, and we affirm the 186 month sentence as procedurally and substantively reasonable.

**AFFIRMED.**