[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-16358
Non-Argument Calendar
_____

D.C. Docket No. 2:11-cr-00081-WKW-WC-2


UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

AUDREY PRINCETTA MARTIN,

Defendant - Appellant.


_____

Appeal from the United States District Court
for the Middle District of Alabama
_____

(August 7, 2013)

Before CARNES, Chief Judge, MARTIN, and FAY, Circuit Judges.

PER CURIAM:

Audrey Princetta Martin was sentenced to a 12 months and 1 day imprisonment after pleading guilty to misprision of felony, in violation of 18 U.S.C. § 4.  Martin appeals her sentence, contending that it was unreasonable.

I.

Martin's husband was the ringleader of a scheme in which he and his co-conspirators acquired stolen vehicles, changed their vehicle identification numbers, and then either sold them or reported them as stolen to collect the insurance proceeds.[1]  During its investigation, the government identified 33 vehicles that were potentially linked to the conspiracy, 14 of which were ultimately proven to be stolen.  Many of those vehicles were parked in the backyard of the home that Martin and her husband shared.

Martin was directly linked to one of the stolen vehicles, a red 2008 Corvette. That vehicle had been stolen from a car dealer in Irondale, Alabama in June 2009. On December 9, 2009, Martin filed with the Alabama Department of Revenue a fraudulent application for a title for that vehicle in the name of the vehicle's previous owner.  On May 14, 2010, the vehicle was found in a storage garage in Montgomery, Alabama, discovered to be stolen, and impounded by the police.  On June 3, 2010, Martin filed another application for a title for that vehicle, falsely

---

[1] The facts are taken from the presentence investigation report because Martin did not object to it. See United States v. Beckles, 565 F.3d 832, 843 (11th Cir. 2009) ("For purposes of sentencing, the district court . . . may base its factual findings on undisputed statements found in the [PSR], because they are factual findings to which the defendant has assented.").

claiming that she purchased the vehicle from its previous owner.  The next day, Martin purchased an insurance policy for the Corvette.  On July 8, 2010, Martin's husband drove to Atlanta and filed a false police report claiming that the Corvette had been stolen.  That same day, Martin submitted an insurance claim for the full amount of the vehicle.  During an investigation into the insurance claim, Martin and her husband lied about what actually happened to the Corvette.

## II.

Martin was indicted by a grand jury and charged with one count of conspiracy to commit mail fraud, in violation of 18 U.S.C. §§ 1341 and 1349 and one count of aiding and abetting mail fraud, in violation of 18 U.S.C. §§ 1341 and 2.  Pursuant to an agreement reached with the government under Fed. R. Civ. P. 11(c)(1)(C), Martin agreed to plead guilty to an information charging her with one count of misprision of felony, in violation of 18 U.S.C. § 4, in exchange for a recommended sentence of probation.

The district court rejected the plea agreement pursuant to Fed. R. Crim. P. 11(c)(5), but Martin chose to proceed with her guilty plea.  The court adopted without objection the factual findings of the PSR and its calculation of the guidelines range, which was zero to six months imprisonment.  It sentenced Martin to twelve months and one day imprisonment, followed by three years of supervised release, and ordered her to pay restitution in the amount of $50,000.  Martin twice

moved for reconsideration of her sentence, but the district court denied both motions.  This is Martin's appeal of her sentence.


### III.

"We review the reasonableness of a sentence for abuse of discretion using a two-step process.  We look first at whether the district court committed any significant procedural error and then at whether the sentence is substantively reasonable under the totality of the circumstances."  United States v. Turner, 626 F.3d 566, 573 (11th Cir. 2010) (citation omitted).  Because Martin is challenging the sentence that the district court imposed, she "bears the burden to show it is unreasonable in light of the record and the [18 U.S.C.] § 3553(a) factors."  Id.

Martin first contends that her sentence was unreasonable because "the guidelines were the only factor to carry any weight with the sentencing court." That argument is without merit.  The district court did not sentence Martin within the guidelines range.  The court imposed a higher sentence, which it found was "sufficient but not greater than necessary to comply with the statutory purposes of sentencing."  In making that determination, the court expressly considered the § 3553(a) factors, including "the seriousness of the offense, the need to promote respect for the law and to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, and to provide [Martin] with needed

correctional treatment and the need to provide restitution to any victims of the offense." In light of the sentencing transcript showing that the district court considered the appropriate factors and the fact that the sentence was outside the guidelines range, the district court did not abuse its discretion by giving undue weight to the sentencing guidelines.

Martin also contends that her sentence was unreasonable because "the imposition of a term of imprisonment [is] greater punishment than necessary" in light of her "limited involvement" in the auto theft conspiracy and her lack of criminal history. As we explained above, the district court properly considered the § 3553(a) factors and concluded that a sentence of twelve months plus one day imprisonment was warranted. That was not an abuse of discretion. The court explained that the sentence was appropriate in light of the "long-running nature" of the auto theft conspiracy, the fact that Martin's husband was the ringleader, and the fact that her house was "surrounded with" stolen luxury cars, all of which suggested that she knew about the conspiracy and was involved with it. Those were all appropriate factors for the court to consider. See 18 U.S.C. § 3553(a). Martin has not met her burden of showing that the sentence the district court imposed was "outside the range of reasonable sentences dictated by the facts of the case." United States v. Pugh, 515 F.3d 1179, 1191 (11th Cir. 2008).

**AFFIRMED.**