[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-13430
Non-Argument Calendar
_____

D.C. Docket No. 9:13-cr-80051-DMM-1

UNITED STATES OF AMERICA,

                                                    Plaintiff-Appellee,

versus

RAYMOND ADAMS,

                                                    Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(May 14, 2014)

Before WILSON, ANDERSON and COX, Circuit Judges.

PER CURIAM:

Raymond Adams appeals his conviction and 240-month sentence, imposed after he pled guilty to one count of attempting to receive child pornography. He contends that the district court erred in accepting his guilty plea because the court failed to ensure that he understood the nature of the charge against him. He also contends that the district court imposed a substantively unreasonable sentence when it varied upward from the guideline range and imposed a 240-month sentence, the maximum allowed by statute, followed by a lifetime of supervised release. We affirm.

First, Adams contends that the district court erred in accepting his guilty plea. According to Adams, the court questioned whether the Government could prove the charge against him. For some unexplained reason, Adams contends this question means he did not understand the nature of the charge against him.

Adams did not object to any Rule 11 violations before the district court. When a defendant fails to object to an asserted Rule 11 violation before the district court, we review for plain error. *United States v. Moriarty*, 429 F.3d 1012, 1019 (11th Cir. 2005). Under the plain error standard, the defendant must show: "(1) error, (2) that is plain, and (3) that affects substantial rights." *Id.*

Adams correctly noted that the court initially questioned whether the facts in the guilty plea supported the indictment. But, Adams does not explain how these questions mean that he did not understand the nature of the charge against him.

2

Nor does Adams explain how these questions negate his statements: that he understood that he was pleading guilty to attempted receipt of child pornography, had discussed the plea agreement with his attorney, understood the contents of the plea agreement, and understood that his mandatory minimum sentence was five years and his maximum sentence was 20 years.  If anything, the district court's questions provided Adams with more information, not less.  Accordingly, we hold that the district court did not plainly err in accepting Adams's guilty plea.

Second, Adams contends that his sentence is substantively unreasonable because the district court imposed an upward departure based on his history of sexually abusing minors.

We review the reasonableness of a sentence under a deferential abuse of discretion standard of review.  *Gall v. United States*, 552 U.S. 38, 41, 128 S.Ct. 586, 591 (2007).  The substantive reasonableness of a sentence is determined in light of the totality of the circumstances.  We will not vacate a sentence unless we are left with the definite and firm conviction that the district court clearly erred in weighing the § 3553(a) factors and imposed an unreasonable sentence.  *United States v. Turner*, 626 F.3d 566, 573 (11th Cir. 2010).  The party challenging the sentence bears the burden of showing it is unreasonable in light of the record and the § 3553(a) factors.  *Id.*  If the district court decides to impose an upward variance, "it must 'consider the extent of the deviation and ensure that the

3

justification is sufficiently compelling to support the degree of the variance.'"
*United States v. Williams*, 526 F.3d 1312, 1322 (11th Cir. 2008) (quoting *Gall*, 552
U.S. at 50, 128 S.Ct. at 597).  In reviewing the reasonableness of a sentence
outside the advisory guidelines range, we take into account the district court's
justification and the extent of the variance, but we do not require extraordinary
circumstances to justify such a sentence or presume that the sentence is
unreasonable.  *Gall*, 552 U.S. at 47, 128 S.Ct. at 594–95; *United States v. Irey*, 612
F.3d 1160, 1186-87 (11th Cir. 2010) (en banc).

Adams is correct that his history of sexually abusing minors was considered
in calculating the guidelines range.  Adams is also correct that the district court
decided to impose an upward variance based on the continuing threat Adams posed
to children.  However, a district court is free to consider any information relevant
to a defendant's "background, character, and conduct" in imposing an upward
variance.  *Tome*, 611 F.3d at 1379.  This includes facts that have already been
taken into account in calculating the defendant's guideline range.  *See Williams*,
526 F.3d at 1324 (holding that although previous offenses were included in
defendant's criminal history and were therefore part of his guideline range,
sentencing court's emphasis that defendant committed previous "fraud-related"
crimes explained defendant's history and characteristics, a proper basis for
consideration); *see also* 18 U.S.C. § 3661 ("No limitations shall be placed on the

4

information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence.").

The district court found that Adams had a history of sexually abusing minors for 20 years and concluded that "there doesn't seem to be much sign that he's going to stop." (R. 59 at 29.) The court also found it significant that Adams committed the crime involved in this appeal while under home confinement with electronic monitoring due to pending charges in state court for fondling or molesting a victim. In explaining the sentence, the district court noted that this history had already produced a guideline enhancement. But, the court concluded that the guideline sentence was not sufficient to protect the public, especially minors. The court further found that Adams was either "unable or unwilling to abide by the law or control the activities he is disposed to commit." (R. 59 at 42–43.) Based on the record, and this analysis, the district court's sentence was not unreasonable in light of the § 3553(a) factors. The district court did not abuse its discretion in imposing this sentence which was an upward departure from the guidelines range based on Adams's history of sexually abusing minors.

The district court did not plainly err in accepting Adams's guilty plea. Nor did the district court abuse its discretion in imposing an upward departure. Accordingly, we affirm.

5

**AFFIRMED.**