[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-12557
Non-Argument Calendar
_____

D.C. Docket No. 1:07-cr-00167-JOF-JFK-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FLORENTINO CASTENADA-PALAEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(June 23, 2014)

Before HULL, MARCUS, and ANDERSON, Circuit Judges.

PER CURIAM:

Florentino Castenada-Palaez appeals his 24-month sentence, which he received upon revocation of his supervised release, pursuant to 18 U.S.C. § 3583(e). The district court imposed the sentence consecutively with Castenada-Palaez's 24-month sentence from the Middle District of North Carolina, which he received for unlawful reentry of a deported alien, 8 U.S.C. § 1326(a) and (b), one of the substantive crimes that triggered revocation. On appeal, he argues that his sentence upon revocation of supervised release, and its consecutive imposition, are substantively unreasonable in light of the applicable 18 U.S.C. § 3553(a) factors.

We review the sentence imposed upon revocation of supervised release for reasonableness, *United States v. Velasquez Velasquez*, 524 F.3d 1248, 1252 (11th Cir. 2008), which "merely asks whether the trial court abused its discretion," *United States v. Pugh*, 515 F.3d 1179, 1189 (11th Cir. 2008) (quotation omitted). In reviewing the reasonableness of a sentence, we must ensure that the district court committed no significant procedural error. *Gall v. United States*, 552 U.S. 38, 51, 128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007). After we determine whether a sentence is procedurally reasonable, we examine the substantive reasonableness based on the totality of the circumstances. *Id.* The party challenging the sentence bears the burden of establishing that the sentence is unreasonable in light of the record and the § 3553(a) factors. *United States v. Turner*, 626 F.3d 566, 573 (11th Cir. 2010).

2

The district court is required to consider certain factors set forth in 18 U.S.C. § 3553(a) when it determines a defendant's sentence upon revocation of supervised release. 18 U.S.C. § 3583(e) intro., (e)(3). Those factors include the need to deter criminal conduct, protect the public from the defendant's future criminal acts, and provide the defendant with effective correctional treatment. *Id.* §§ 3553(a)(2)(B)-(D), 3583(e) intro. The district court must also consider the nature and circumstances of the offense, the defendant's history and characteristics, the applicable guideline range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims. *Id.* §§ 3553(a)(1), (4)-(7), 3583(e) intro., (e)(3).

For revocation of supervised release, the Guidelines' pertinent policy statement provides that the sentence shall be ordered consecutive to any sentence of imprisonment the defendant is already serving, "whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation." U.S.S.G. § 7B1.3(f) (policy statement). Although the Guidelines and their policy statements are advisory, judges are still required to consider them. *United States v. Booker*, 543 U.S. 220, 245-46, 125 S.Ct. 738, 756-57, 160 L.Ed.2d 621 (2005). Federal statute provides that, generally, when a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively. 18 U.S.C.

§ 3584(a).  In determining whether the terms should run concurrently or consecutively, the court must again consider the § 3553(a) factors.  *Id.* § 3584(b).

While we do not presume that a sentence within the guideline range is reasonable, we ordinarily expect such a sentence to be reasonable.  *United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008).  Furthermore, the weight given to any specific § 3553(a) factor is committed to the sound discretion of the district court.  *United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007).  However, a court can abuse its discretion when it (1) fails to consider all factors that were due significant weight, (2) gives an improper or irrelevant factor significant weight, or (3) commits a clear error of judgment by balancing the proper factors unreasonably.  *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (*en banc*).  Unjustified reliance upon any one of the § 3553(a) factors may also indicate an unreasonable sentence.  *United States v. Crisp*, 454 F.3d 1285, 1292 (11th Cir. 2006).

In light of the record and the § 3553(a) factors, Castenada-Palaez fails to prove that his 24-month sentence is substantively unreasonable.  *See Gall*, 552 U.S. at 51, 128 S.Ct. at 597; *Turner*, 626 F.3d at 573.  The court's sentence of 24 months is within the guideline range, and we would ordinarily expect such a sentence to be reasonable.  *Hunt*, 526 F.3d at 746.

The sentence, and its consecutive imposition, also meet the goals encompassed within § 3553(a)(2).  The court expressed concern over Castenada-

4

Palaez's lengthy and violent criminal history, which included three deportations, and convictions for battering his wife's face with a bedframe, beating three people with a baseball bat, annoying or molesting a child (for which he failed to appear for sentencing), assault, illegal reentry, and driving under the influence. In light of his disregard for the law and propensity for recidivism, the additional two-year custodial sentence was needed to deter him from further criminal activity and protect the public. 18 U.S.C. § 3553(a)(2)(B)-(D).

Furthermore, while the court may have emphasized Castenada-Palaez's wrongdoings, it did not do so "single-mindedly" to the detriment of mitigating § 3553(a)(1) factors. *See Crisp*, 454 F.3d at 1292. The court explicitly stated that it (1) considered Castenada-Palaez's reasons for returning to the United States, which included escaping from threats in Mexico and providing for his family, (2) recognized that his family would face financial hardship while he is serving his sentence, and (3) "heard" his remaining arguments. Moreover, even if the court did not weigh Castenada-Palaez's history and characteristics, or the circumstances of the offense, as heavily as his criminal history, the weight to be given to a particular factor is within the court's discretion. *Clay*, 483 F.3d at 743. As noted above, the sentence was supported by the § 3553(a) factors and the record. Therefore, the court did not abuse its discretion by giving an improper factor

5

significant weight or by committing a clear error in judgment in balancing the proper factors. *Irey*, 612 F.3d at 1189.

Finally, the above considerations, in addition to § 3553(a)(5), support the court's decision to impose Castenada-Palaez's sentence upon revocation of supervised release consecutively to his sentence from the Middle District of North Carolina. While the Guidelines are not mandatory, § 3553(a)(5) still instructs courts to consider the pertinent policy statements of the Sentencing Commission. 18 U.S.C. § 3553(a)(5); *Booker*, 543 U.S. at 245-46, 125 S.Ct. at 756-57. In this case, the Chapter 7 policy statement at issue stated that Castenada-Palaez's sentence for revocation of supervised release must be imposed consecutively to his existing sentence. U.S.S.G. § 7B1.3(f) (policy statement). Certainly then, the district court did not abuse its discretion by considering a consecutive sentence, which § 3584(a) authorized it to impose; and, because the court properly weighed the other § 3553(a) factors, as noted above, its ultimate conclusion to follow the policy statement and impose the sentence consecutively was reasonable. 18 U.S.C. §§ 3584(a)-(b); *Irey*, 612 F.3d at 1189.

The § 3553(a) factors and the totality of the circumstances support both the sentence upon revocation of supervised release and the court's decision to impose that sentence consecutively to the Middle District of North Carolina's sentence.

*Turner*, 626 F.3d at 573; *see* 18 U.S.C. § 3584(b).  Accordingly, we affirm

Castenada-Palaez's 24-month sentence as substantively reasonable.

**AFFIRMED.**