[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-12472
Non-Argument Calendar

_____

D.C. Docket No. 6:17-cr-00281-CEM-TBS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

OSCAR LUIS BURGOS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(February 7, 2019)

Before MARCUS, ROSENBAUM, and BRANCH, Circuit Judges.

PER CURIAM:

Oscar Luis Burgos appeals the substantive reasonableness of his 300-month total sentence for child-pornography offenses, arguing that the district court abused its discretion in imposing a 65-month upward variance from the top of the guideline imprisonment range (188 to 235 months).  After careful review, we affirm.

## I.

This case stems from Burgos's online interactions with a 14-year-old girl. Burgos first contacted the child in May 2017 through Tumblr, an online microblogging and social-networking website, and they chatted extensively.  Within a day, Burgos, who was 31 at the time, learned that the child was 14.  The child asked if they could remain friends, and Burgos responded that he was interested in something more.  Specifically, Burgos told her he "want[ed] to be her daddy," and he flattered her as "beautiful" and called her "princess."  Soon thereafter, Burgos and the child engaged in cybersex.  Burgos stated that he "want[ed] it bad" and "[didn't] care if it's wrong."

In the weeks that followed, Burgos repeatedly engaged the child in cybersex, sent her pictures of his penis, received multiple sexually explicit pictures of the child, and instructed her to masturbate using demeaning terms.  At one point, Burgos and the child exchanged "I love yous," and Burgos told her "Our life will begin soon."

2

Later on, Burgos and the child discussed killing her abusive father.  When the child asked Burgos to "take me away and kill him," Burgos responded, "I'm serious.  I'm talking about murder."  The discussion then turned graphically violent and sexual, with Burgos instructing the child to masturbate as they discussed shooting and stabbing the father and engaging in sex acts near his corpse and while "drenched in his blood."

Based on this conduct, Burgos pled guilty, without a plea agreement, to four counts of receipt of child pornography, in violation of 18 U.S.C. § 2252A(a)(2), and one count of production of child pornography, in violation of 18 U.S.C. § 2251(a).  The presentence investigation report ("PSR") recommended a guideline imprisonment range of 188 to 235 months.

There were no objections to the PSR, so sentencing focused solely on an appropriate sentence under the 18 U.S.C. § 3553(a) sentencing factors.  Burgos requested a total sentence of 180 months, the mandatory minimum for the production count.  Defense counsel offered the testimony and report of a psychologist who had conducted an evaluation of Burgos, and counsel argued that, despite the provocative language used in the chats, Burgos would not "actually do any of the things that he types onto a computer."  Counsel noted that Burgos had depression and poor social skills and had never had an adult relationship with the opposite sex.  The government

3

represented that it had no evidence that Burgos intended to meet the child but that the seriousness of the offense justified a sentence within the guideline range.

After considering the parties' arguments and the § 3553(a) factors, the district court sentenced Burgos to 25 years, or 300 months, in prison. The court explained that it had considered the guideline range but found that this case was "not a guideline situation." The court elaborated that it had originally contemplated a 30-year sentence based on the "horrible" nature of the offenses, the harm to the victim, and the danger Burgos posed to the community. In that regard, the court noted that Burgos had reached out to and "sexualize[d] a 14-year-old, turn[ed] her against her parents, [and] offer[ed] to murder her father." During its explanation, the court identified several facts it did not know, including whether Burgos shared the photos or conversations with anyone else and whether he was "going to physically make contact with a minor" or to go through with the murder. The court nevertheless concluded that a non-guideline sentence was warranted, notwithstanding Burgos's arguments in mitigation. The court ultimately decided on a sentence of 25 years to account for Burgos's decision to plead guilty.

Burgos now appeals, challenging his sentence. He says that we should closely scrutinize the district court's decision to "completely ignore" the guideline range, characterizing the court's reasoning as a "policy" disagreement with the guidelines. Such closer scrutiny, Burgos maintains, shows that the court relied on aggravating

4

factors that were not supported by the evidence, failed to consider mitigating factors, and imposed a substantively unreasonable sentence.

## II.

We review the substantive reasonableness of a sentence under a deferential abuse-of-discretion standard. *United States v. Moran*, 778 F.3d 942, 982 (11th Cir. 2015). The party who challenges the sentence bears the burden of showing that the sentence is unreasonable. *Id.*

The district court at sentencing is tasked with imposing a "sentence sufficient, but not greater than necessary," to comply with the purposes of sentencing set forth in 18 U.S.C. § 3553(a)(2). These purposes include the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment, deter criminal conduct, and protect the public from the defendant's future criminal conduct. *See* 18 U.S.C. § 3553(a)(2). Other factors the court must consider include the nature and circumstances of the offense, the history and characteristics of the defendant, and the applicable guideline range. 18 U.S.C. § 3553(a)(1), (4). We evaluate these same factors when reviewing a sentence for substantive reasonableness.

The advisory guideline range, though the "starting point and the initial benchmark" for sentencing, *Gall v. United States*, 552 U.S. 38, 49 (2007), "is but one of many considerations that a court must take into account in exercising its sentencing discretion," *United States v. Rosales-Bruno*, 789 F.3d 1249, 1254 (11th

5

Cir. 2015).  No particular weight is owed the guideline range.  *See id.*  We have "decided instead that, subject to review for reasonableness, sentencing courts may determine, on a case-by-case basis, the weight to give the Guidelines, so long as that determination is made with reference to the remaining section 3553(a) factors that the court must also consider in calculating the defendant's sentence."  *United States v. Irey*, 612 F.3d 1160, 1217 (11th Cir. 2010) (*en banc*) (quotation marks omitted).

In imposing a sentence, the district court must consider all of the § 3553(a) factors, but it may, in its discretion, weigh some factors more heavily than others.  *Rosales-Bruno*, 789 F.3d at 1254.  When the court decides after "serious consideration" that a variance from the guideline range is appropriate based on the § 3553(a) factors, it should explain that variance "with sufficient justifications."  *Gall*, 552 U.S. at 46–47.  The court's justification must be "compelling enough to support the degree of the variance and complete enough to allow meaningful appellate review," but an "extraordinary justification" is not required.  *United States v. Shaw*, 560 F.3d 1230, 1238 (11th Cir. 2009) (quotation marks omitted).  We must "give due deference to the district court's decision that the § 3553 factors, on a whole, justify the extent of the variance."  *United States v. Turner*, 626 F.3d 566, 573 (11th Cir. 2010) (quotation marks omitted).

Because we give district courts considerable discretion in making sentencing decisions, we will "sometimes affirm the district court even though we would have

gone the other way had it been our call." *Rosales-Bruno*, 789 F.3d at 1254 (quotation marks omitted). "A district court abuses its considerable discretion and imposes a substantively unreasonable sentence only when it (1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *Id.* at 1256 (quotation marks omitted).

The sentence imposed by the district court here is substantively reasonable. The court considered the parties' arguments and the facts in the PSR, and it expressly referenced several § 3553(a) factors, including the history and characteristics of the defendant, the guideline range, the seriousness of the offense, and the need to protect the public. After considering all of these factors, the court was convinced that the guideline range of 188 to 235 months did not adequately reflect the seriousness of the offense conduct and the danger Burgos posed to the community. For that reason, the court varied upward from the guideline range by 65 months.

Giving due deference to the district court, we conclude that the extent of the variance was justified under the totality of the circumstances and the § 3553(a) factors. The offense was extremely serious. *See United States v. Sarras*, 575 F.3d 1191, 1220 (11th Cir. 2009) ("Child sex crimes are among the most egregious and despicable of societal and criminal offenses, and court have upheld lengthy sentences in these cases as substantively reasonable."). Burgos reached out to a 14-

year-old child online and initiated a cybersexual relationship. Although he knew the victim was only 14, he called the victim demeaning names, sent her images of his penis, engaged in cybersex with her, instructed her to masturbate, and received numerous pornographic images from her. After the victim began calling him "daddy" at his request, he discussed murdering her actual father and engaging in sex acts with the child next to her father's corpse and while killing him. Through these actions, he exploited the child's troubled home life for his own sexual gratification, intertwining the child's feelings for her father with sex and violence and another "daddy." *Cf. United States v. Mozie*, 752 F.3d 1271, 1289 (11th Cir. 2014) (noting that sex crimes are "grossly intrusive in the lives of children and . . . harmful to their normal psychological, emotional, and sexual development." (quotation marks omitted)). Based on these disturbing facts, we cannot fault the district court for concluding that a 300-month, above-guideline sentence was necessary, given the seriousness of the offense, the harm to the victim, and the need to protect the public.

Burgos challenges the district court's finding that he posed a danger. But we see no abuse of discretion. The court did not, as Burgos suggests, base its sentence on speculative facts. While the court noted uncertainty about some facts, including whether Burgos would have made physical contact with the child or gone through with the murder, the court reasonably concluded that he posed a risk to society based on the "horrible" nature of his conduct in this case. As the court noted and as we

8

have discussed, Burgos reached out to the victim in this case, engaged in predatory behavior, and suggested he was "serious" about committing murder. *Cf. United States v. Brown*, 772 F.3d 1262, 1267 (11th Cir. 2014) ("Given the evidence of Brown's expressed desire to kill and to cannibalize children, including multiple references to at least one child Brown seemed to know, the judge's conclusion Brown posed a possible danger was not error."). Nor did he need to make physical contact to cause real and lasting harm to a child's "normal psychological, emotional, and sexual development." *See Mozie*, 752 F.3d at 1289. Accordingly, Burgos has not shown that the court abused its discretion by considering the need to protect the public along with other § 3553(a) factors.

Burgos also contends that the district court failed to consider mitigating factors adequately, but the weight to give the § 3553(a) factors is committed to the court's discretion. *See Rosales-Bruno*, 789 F.3d at 1254. The record shows that the court considered all of the relevant factors at sentencing, and we may not reweigh the factors ourselves. *See id.* On the whole, Burgos has not shown that the court abused its discretion by failing to consider factors that were due significant weight, giving significant weight to improper or irrelevant factors, or committing a clear error of judgment in weighing the proper factors. *See id.* at 1256.

Finally, Burgos wrongly asserts that the upward variance is subject to "closer scrutiny" because it was based on a policy disagreement with the guidelines. The

9

district court did not express any policy disagreement with the child-pornography guidelines in an ordinary case. *Cf. Kimbrough v. United States*, 552 U.S. 85, 109 (2007) ("[C]loser review may be in order when the sentencing judge varies from the Guidelines based solely on the judge's view that the Guidelines range fails properly to reflect § 3553(a) considerations even in a mine-run case." (quotation marks omitted)). Rather, in concluding that this was "not a guideline situation," the court found that the facts of Burgos's case were extraordinary. In other words, the court decided that this particular case was "outside the 'heartland' to which the Commission intends individual Guidelines to apply." *Id.* (quotation marks omitted). Because the court was in a superior position to make that determination, its decision to vary upward is the type that "attract[s] greatest respect." *See id.* And for the reasons explained above, we conclude, giving due deference to the court, that the extent of the variance is justified by the record and the § 3553(a) factors.

In sum, we affirm Burgos's 300-month prison sentence.

**AFFIRMED.**

10