[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-13459
Non-Argument Calendar
_____

D.C. Docket No. 0:98-cr-06092-WJZ-4

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KATHIA FARFAN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(May 29, 2014)

Before HULL, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Kathia Farfan appeals her 144-month sentence for conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. After Farfan pled guilty in September 1998, she fled the country and failed to appear at her January 1999 sentencing hearing.  In 2013, Farfan was apprehended in Mexico and returned to the United States for sentencing.

On appeal, Farfan argues that her 144 month sentence, which is seven months below the advisory guidelines range: (1) is procedurally unreasonable because the district court denied her a three-level reduction for acceptance of responsibility; and (2) is substantively unreasonable.  After review, we affirm.

## I.  DISCUSSION

"We review the reasonableness of a sentence for an abuse of discretion using a two-step process."  United States v. Tuner, 626 F.3d 566, 573 (11th Cir. 2010). We look first at whether the district court omitted any significant procedural error, such as miscalculating the advisory guidelines range, treating the guidelines as mandatory, failing to consider the 18 U.S.C. § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence.  United States v. Pugh, 515 F.3d 1179, 1190 (11th Cir. 2008).  Then, we examine whether the sentence is substantively unreasonable under the totality of the circumstances and in light of the § 3553(a) factors.  Id.  We will remand for resentencing only if the district court "committed a clear error of judgment in

2

weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." United States v. Irey, 612 F.3d 1160, 1190 (11th Cir. 2010). The party challenging the sentence bears the burden to show that it is unreasonable. United States v. Tome, 611 F.3d 1371, 1378 (11th Cir. 2010).

### A.      Procedural Reasonableness

As to procedural reasonableness, the district court did not err in denying Farfan a reduction for acceptance of responsibility. We ordinarily review for clear error a district court's determination of acceptance of responsibility. United States v. Amedeo, 370 F.3d 1305, 1320 (11th Cir. 2004). However, because Farfan did not object to the denial of the acceptance of responsibility reduction at sentencing, our review of this guidelines calculation issue is limited to plain error. See United States v. Barrington, 648 F.3d 1178, 1195 (11th Cir. 2011). Farfan has not shown error, much less plain error, with respect to acceptance of responsibility.

The Sentencing Guidelines provide for a two-level decrease in the defendant's offense level if the defendant "clearly demonstrates acceptance of responsibility for his offense." U.S.S.G. § 3E1.1(a). Although entry of a guilty plea before trial is evidence of acceptance of responsibility, a defendant who pleads guilty "is not entitled to an adjustment . . . as a matter of right." Id., cmt. n.3. Furthermore, except in "extraordinary cases," a defendant is not entitled to an

acceptance of responsibility reduction if the defendant received an obstruction of justice enhancement under U.S.S.G. § 3C1.1.  Id., cmt. n.4 (explaining that "[c]onduct resulting in an enhancement under § 3C1.1 . . . ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct," but acknowledging that there may be "extraordinary cases in which adjustments under §§ 3C1.1 and 3E1.1 may apply").

Here, Farfan received an obstruction of justice enhancement under U.S.S.G. § 3C1.1 because she did not appear at her initial sentencing hearing, and instead fled the country, lived as a fugitive for over a decade, and only returned to face punishment after being apprehended by Mexican authorities.  See U.S.S.G. § 3C1.1, cmt. n.4(E) (explaining that the obstruction of justice increase applies if the defendant escapes custody before sentencing or willfully fails to appear for a judicial proceeding as ordered).  Farfan did not object to the obstruction of justice increase in the district court, and she does not challenge its application on appeal. Farfan also does not argue that hers is an "extraordinary case" in which both the obstruction of justice increase and the acceptance of responsibility reduction should apply.

Instead, Farfan points out that she pled guilty to, and was sentenced for, failure to appear, in violation of 18 U.S.C. § 3146(a)(1), in a separate criminal action.  See United States v. Farfan, 0:04-CR-60238 (S.D. Fla. 2013).  Farfan,

4

however, does not explain how this fact entitles her to an acceptance of responsibility reduction in her drug conspiracy case or cite to any authority supporting such a proposition. In any event, Farfan did not plead guilty to failure to appear until July 26, 2013, two weeks <u>after</u> her July 12, 2013 sentencing hearing in this case. Thus, the district court could not have considered Farfan's guilty plea and sentence for failure to appear in deciding whether she should receive credit for acceptance of responsibility. Notably, too, prior to her sentencing for her failure to appear offense, Farfan argued in a sentencing memorandum for a downward variance on that offense because she already was punished for her failure to appear by receiving a two-level obstruction of justice enhancement in this drug case. This argument appears to have held some sway, as the district court imposed a one-day prison term on her failure to appear offense.

Farfan also argues that the district court erred in denying her safety-valve relief pursuant to 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2. A review of the record reveals, however, that the district court found that Farfan qualified for safety-valve relief, decreased her offense level by two levels, pursuant to U.S.S.G. §§ 2D1.1(b)(16) and 5C1.2(a)(1)-(5), and sentenced her without regard to the ten-year statutory mandatory minimum for her drug offense.

For all these reasons, the district court did not err in refusing to reduce Farfan's offense level for acceptance of responsibility, and Farfan has not shown that her sentence is procedurally unreasonable.

## B.    Substantive Reasonableness

Farfan also has not shown that her 144-month sentence is substantively unreasonable.  Farfan's sentence is seven months below the advisory guidelines range of 151 to 188 months and well-below the statutory maximum life sentence, two indications of reasonableness.  See United States v. Gonzalez, 550 F.3d 1319, 1324 (11th Cir. 2008); United States v. Hunt, 526 F.3d 739, 746 (11th Cir. 2008).

Further, the facts and the § 3553(a) factors support the district court's decision to vary downward by seven months and impose a 144-month sentence. [1] Farfan participated in a substantial drug conspiracy, and at the time of her arrest, she was transporting approximately $400,000 of cocaine.

As Farfan pointed out at her sentencing, she promptly pled guilty and cooperated with the government, which led other charged members of the drug conspiracy to enter guilty pleas as well.  However, Farfan then failed to appear at

---

[1]The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwarranted sentencing disparities; and (10) the need to provide restitution to victims.  18 U.S.C. § 3553(a).

her own sentencing and fled the country, living as a fugitive for over 14 years before she was arrested and returned to the United States for sentencing. Given the substantial quantity of drugs involved in her offense and her demonstrated lack of respect for the law and the need for deterrence based on her failure to appear and subsequent flight, the district court did not abuse its discretion by varying downward by only seven months.

Farfan contends that the district court denied her "the intent" of the safety valve provision by sentencing her above the ten-year mandatory minimum. But § 3553(f) merely states that when a defendant meets the relevant criteria a sentencing court shall impose a sentence in accordance with the advisory guidelines "without regard to any statutory minimum sentence," which the district court explicitly did here. See 18 U.S.C. § 3553(f) (emphasis added); see also U.S.S.G. § 5C1.2(a). Section 3553(f) does not require a district court to impose a sentence below the ten-year statutory minimum term or even to vary downward from the advisory guidelines range. The fact that the district court chose not to vary down to the mandatory minimum does not make Farfan's sentence unreasonable.

There is also no merit to Farfan's claim that her 144-month sentence created an unwarranted sentencing disparity with one of her codefendants, Raymond Place, who received a 72-month sentence. For a disparity between sentences to be

unwarranted, the two defendants must be similarly situated.  See United States v. Docampo, 573 F.3d 1091, 1101-02 (11th Cir. 2009); United States v. Spoerke, 568 F.3d 1236, 1252 (11th Cir. 2009).  Farfan failed to provide contextual information about codefendant Place, such as his advisory guidelines calculations and his cooperation with the government, which would show that he and Farfan are similarly situated.

Furthermore, there is no allegation that Place absconded, much less for 14 years.  Because of her flight, Farfan received a two-level obstruction of justice increase and was denied a three-level reduction for acceptance of responsibility. For this additional reason, Farfan has not shown that she and Place are similarly situated.

Under the totality of the circumstances, we cannot say that the district court committed a clear error of judgment and imposed a sentence outside the range of reasonable sentences.

**AFFIRMED.**