[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-11339
Non-Argument Calendar
_____

D.C. Docket No. 1:13-cr-00321-AT-LTW-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PRISILIANO PACHECO-ARREDONDO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(October 28, 2014)

Before ED CARNES, Chief Judge, HULL and MARCUS, Circuit Judges.

PER CURIAM:

Prisciliano Pacheco-Arredondo appeals his 46-month sentence after pleading guilty to one count of illegal re-entry into the United States under 8 U.S.C. § 1326(a) and (b)(2).  He contends that his sentence is substantively unreasonable in light of mitigating evidence he presented about his need to enter the country for his own personal safety.

We review the reasonableness of a sentence under a deferential abuse of discretion standard.[1]  United States v. Irey, 612 F.3d 1160, 1189–90 (11th Cir. 2010) (en banc).  The district court is required to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in" 18 U.S.C. § 3553(a)(2).  The party challenging the sentence bears the burden of showing it is unreasonable in light of the record and the § 3553(a) factors.[2]  United States v. Turner, 626 F.3d 566, 573 (11th Cir. 2010).  We will not reverse a sentence as substantively unreasonable unless the district court "(1) fail[ed] to afford consideration to relevant factors that were due significant weight, (2) [gave]

---

[1] The government contends that we should review the substantive reasonableness of Pacheco-Arredondo's sentence for plain error only because he failed to properly preserve the issue in the district court.  We need not decide whether the plain error standard applies because Pacheco-Arredondo's challenge to his sentence fails even under the abuse of discretion standard of review.

[2] The purposes set forth in § 3553(a)(2) include the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, and protect the public from future crimes of the defendant.  18 U.S.C. § 3553(a)(2). The court is also required to consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable guidelines range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims.  Id. § 3553(a)(1), (3)-(7).

significant weight to an improper or irrelevant factor, or (3) commit[ed] a clear error of judgment in considering the proper factors." Irey, 612 F.3d at 1189 (quotation marks omitted).

Pacheco-Arredondo has failed to show that his 46-month sentence, which is at the very bottom of his guidelines range, is substantively unreasonable. The government pointed to the fact that Pacheco-Arredondo had repeatedly re-entered the country unlawfully, used false aliases in legal proceedings, and committed a variety of other offenses during his illegal stints in this country. Despite those facts, the district court rejected the government's argument that a sentence at the high end of the guidelines range (57 months) should be imposed. The court considered mitigating factors, noting the strain the sentence would place on Pacheco-Arredondo's family as well as the personal strain it would place on him both now and later. The court weighed those factors against the danger Pacheco-Arredondo posed as a person who had repeatedly returned to the United States unlawfully and most recently had been convicted as an unlicensed and intoxicated driver. It noted that the personal safety concerns Pacheco-Arredondo had raised were immigration considerations.

The court reasoned that Pacheco-Arredondo might feel "compelling human reasons" to return to the United States again for his family if he were given a sentence below the guidelines range. As a result it rejected the below the

3

guidelines variance Pacheco-Arredondo had requested, but the 46-month sentence it imposed is at the very bottom of his guidelines range and is far below the potential 240-month maximum sentence.  Those characteristics of the sentence are additional indications of its reasonableness.  See United States v. Hunt, 526 F.3d 739, 746 (11th Cir. 2008) (explaining that we do not automatically presume that sentences within the guideline range are reasonable, but we ordinarily expect them to be); United States v. Gonzalez, 550 F.3d 1319, 1324 (11th Cir. 2008) (stating that a sentence being well below the statutory maximum is an indicator of reasonableness).  Additionally, the court gave Pacheco-Arredondo credit for the time he had already served in the custody of the United States Marshals Service. He has not shown that his sentence is substantively unreasonable.

**AFFIRMED.**