[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-11189
Non-Argument Calendar

_____

D.C. Docket No. 6:17-cr-00096-GAP-KRS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TAMMIE McCONICO, a.k.a. Tammie Brown,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(April 9, 2019)

Before MARTIN, NEWSOM, and GRANT, Circuit Judges.

PER CURIAM:

A federal jury convicted Tammie McConico of seventeen counts of assisting

in preparing false tax documents.  On direct appeal, McConico argues that the

evidence was insufficient to support her convictions and that the district court erred

in applying a two-level sentencing enhancement for obstruction of justice.  We affirm.

## I.

After an audit of Stacey and Rodney Wofford turned up oddities in their tax returns, the Woffords identified Tammie McConico as their tax preparer.  The IRS investigated.  That investigation revealed numerous other tax returns that had been filed from the same IP address as the Woffords, with refunds from those returns being deposited into a bank account associated with McConico.  More investigation turned up more red flags—for example, all of the returns had refunds, about 90% claimed education credits, and over 90% had businesses associated with them.  An undercover agent, posing as a taxpayer in need of McConico's services, recorded a phone call with McConico.  McConico told the agent that he would need a trusted referral to get in—she was "not looking for any wolves in sheep's clothing"—but assured the agent that she "[knew] what [she was] talking about," claiming that she had taken tax classes and "used to work for H&R Block, Jackson Hewitt, Liberty Tax, and the IRS."

The IRS spoke with several other individuals who had been audited and whose returns were associated with McConico.  Those individuals identified McConico as their tax preparer.  But when an IRS agent sat down with McConico in July 2013 (this time not undercover), McConico told the agent that she had no

tax training beyond a single class in the 1990s, that she had never worked at H&R Block or Jackson Hewitt or the IRS, and that she did not prepare tax returns. She specifically denied having prepared the Woffords' taxes. She said that her office, called "Telina's," put on "workshops" for friends and family that taught people how to set up a business and the like, and that people could come to Telina's and do their own taxes there (and use part of the refund to pay Telina's for the workshop).

Nearly four years later (and after McConico had already been indicted), the IRS searched McConico's home. That search revealed numerous tax documents— W-2s, driver's licenses, Social Security information, and the like—around the home and in McConico's bedroom. There was also an open laptop computer sitting on McConico's bed; a later search of that computer revealed electronic copies of thousands of tax returns and related documents.

McConico was indicted on seventeen counts of assisting in the preparation of fraudulent tax returns. The counts stretched from 2011 through 2013 and covered seven individuals, identified by their initials. McConico pleaded not guilty and went to trial. The first trial, held in August 2017, ended in a mistrial. At the second, held in October 2017, the jury convicted McConico on all seventeen counts. After applying a sentencing enhancement for obstruction of justice, the district court sentenced McConico to 40 months' imprisonment, one year of

supervised release, a $1,700 special assessment, and $297,380 in restitution. On appeal, McConico argues that the evidence was insufficient to support the jury's verdict and that the district court erred in applying the obstruction-of-justice enhancement.

## II.

We review sufficiency-of-the-evidence challenges de novo, "viewing the evidence and making all reasonable inferences in favor of the verdict." *United States v. Greer*, 440 F.3d 1267, 1271 (11th Cir. 2006). Where the issue is not preserved, we will affirm unless reversal "is necessary to prevent a manifest miscarriage of justice"—that is, when "the evidence on a key element of the offense is so tenuous that a conviction would be shocking." *Id.* (internal quotation marks and citation omitted).

The government must prove the facts necessary to support a sentencing enhancement by a preponderance of the evidence. *United States v. Turner*, 626 F.3d 566, 572 (11th Cir. 2010) (per curiam). "When a district court imposes an enhancement for obstruction of justice," we "review the district court's factual findings for clear error" and "the district court's application of the Sentencing Guidelines to those facts *de novo*." *United States v. Massey*, 443 F.3d 814, 818 (11th Cir. 2006). Where the defendant does not "clearly state the grounds for an objection in the district court," we will review only for plain error. *Id.*

4

III.

A. *Sufficiency of the Evidence*

The government argues that McConico failed to preserve her sufficiency-of-the-evidence challenge because, although she moved for a judgment of acquittal after the government concluded its case, she went on to present a defense and then failed to renew her motion at the close of all evidence. The government therefore urges us to hold McConico to the "manifest injustice" standard rather than the usual standard for sufficiency-of-the-evidence challenges. But we need not resolve this issue because, under either standard, the evidence against McConico was more than sufficient to support the jury's guilty verdicts.

To obtain a guilty verdict, the government had to prove that McConico (1) willfully and knowingly aided or assisted (2) in preparing federal income tax returns (3) containing material statements that she knew were false. *See* 26 U.S.C. § 7206(2). The jury heard an undercover phone call in which McConico admitted to offering tax preparation services (which she later denied) and boasted about her qualifications (which were nonexistent). Multiple witnesses testified at trial that McConico was their point of contact, that they went to her to have their taxes done, and that certain information included on their returns was false. Bank records showed tax refund money going into accounts that McConico controlled. Tax documents (including documents relating to the individuals listed in the

5

indictment) were found throughout McConico's home, and more tax documents, including returns that corresponded with the counts in the indictment, were stored in a computer (along with McConico's resume and photos of herself) found in McConico's bedroom.  The list goes on.  A reasonable juror could have relied on this evidence to find McConico guilty.

Resisting a straightforward interpretation of this evidence, McConico points out that no one actually saw her in the act of filling out or sending a tax return, and that someone else could have submitted the returns charged in the indictment.  It is, of course, *possible* that McConico's lies about her tax expertise were mere boasting, unconnected to any underhanded schemes; that the witnesses who testified that they went to McConico to have their taxes done wrongly assumed that she actually did them; that other people had access to the bank accounts where the refunds went; that the tax documents in McConico's home belonged to someone else; and that the computer on McConico's bed was not hers.  But the jury quite reasonably could have inferred a simpler explanation: that all this evidence pointed to McConico because she was guilty.  And because the jury *did* make that inference, McConico cannot undo its verdict simply by pointing to an alternative interpretation of the evidence.  *See United States v. Hernandez*, 433 F.3d 1328, 1334–35 (11th Cir. 2005) (noting that the evidence need not "exclude every

reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilt" (internal quotation marks and citation omitted)).

## B. *Sentencing Enhancement*

The Sentencing Guidelines provide for a two-level enhancement if 1) "the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction," and 2) "the obstructive conduct related to (A) the defendant's offense of conviction and any relevant conduct; or (B) a closely related offense." U.S.S.G. § 3C1.1. The commentary specifically notes as examples of qualifying conduct "providing a materially false statement to a law enforcement officer that significantly obstructed or impeded the official investigation or prosecution of the instant offense," "producing or attempting to produce a false, altered, or counterfeit document or record during an official investigation," and "unlawfully influencing a . . . witness." *Id.* cmt. n.4. The district court applied such an enhancement in this case based on three grounds: (1) McConico's false statement to law enforcement that she did not engage in tax preparation; (2) McConico's production of a false record indicating that two individuals had attended a tax training workshop; and (3) McConico's attempt to convince one witness to submit fraudulent documents to the IRS. We can affirm

7

based on any of these grounds, alone or in combination. *See United States v. Amedeo*, 370 F.3d 1305, 1319 & n.13 (11th Cir. 2004).

Without expressing a view on the first or third grounds, we conclude that the second ground amply supported the district court's decision to apply an obstruction enhancement: McConico provided law enforcement with a chart "purporting to be a list of attendees at a tax workshop at Telina's" and an invoice supposedly for a 2011 training. This chart would have supported McConico's claim that Telina's offered workshops and trainings, rather than tax preparation services. But forensic analysis indicated that the invoice was created shortly after McConico had spoken with investigators and presented her "workshop" claim, and two of the alleged attendees testified at trial that they never attended such a workshop. The timing of the invoice's creation, its consistency with McConico's "workshop" defense, and witness testimony denying any such workshop attendance supported a conclusion that McConico knew she was presenting a false document. The district court did not clearly err in relying on these facts to apply an obstruction enhancement.

### C. *Motion for New Trial*

In her statement of the issues, McConico asks "[w]hether the district court abused its discretion in denying the Appellant's motion for new trial based on newly discovered evidence." But she does not present any argument on this point

8

and has therefore abandoned it.  *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681–82 (11th Cir. 2014).

*    *    *

McConico's convictions and sentence are **AFFIRMED.**