[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-10379
Non-Argument Calendar
_____

D.C. Docket No. 6:18-cr-00019-PGB-KRS-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KENDAL LARRY MITCHELL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(October 9, 2019)

Before NEWSOM, BRANCH and GRANT, Circuit Judges.

PER CURIAM:

Kendal Mitchell pleaded guilty to one count of possessing 15 or more counterfeit credit cards, in violation of 18 U.S.C. § 1029(a)(3). Although his recommended Sentencing Guidelines range was 10–16 months' imprisonment, the district court varied upwards and imposed a 30-month sentence. Mitchell argues on appeal that his sentence is procedurally unreasonable because the district court failed to explain why a sentence within the Guidelines range was inadequate and that it is substantively unreasonable because the district court's justification for varying upwards was based solely on his criminal history and was, therefore, already accounted for by the Sentencing Guidelines. Finding no abuse of discretion, we affirm.

# I

## A

After Mitchell attempted to use a fake credit card at Kres Chophouse in Orlando, Florida, the restaurant management called the Orlando Police Department to report the fraudulent purchase. The restaurant's manager told OPD officers that Mitchell had been to the restaurant before and that the staff had encountered issues getting his credit cards to process—once, for example, employees had to swipe multiple cards to find one that worked. According to the manager, Mitchell and an accomplice, Christian Dior Bob, incurred around $600 in fraudulent charges at the restaurant.

2

OPD spoke with Mitchell at the restaurant—he told them his address, and officers later obtained a warrant to search the premises. There, they found a Bluetooth credit card skimmer, a credit card embosser, a credit card encoder, and more than 200 suspected counterfeit credit cards—mostly in Mitchell's and Bob's names—as well as gift cards, MDMA pills, marijuana, and a large amount of cash. Of the 77 cards with Mitchell's name embossed on them, 58 were counterfeit. Notably, in addition to the paraphernalia found, OPD also recovered various lists of victims' names and personal information—including their credit card and social security numbers.

**B**

Mitchell and Bob were charged with one count of possessing 15 or more counterfeit devices, in violation of 18 U.S.C. § 1029(a)(3) and (c)(1)(A)(i), and one count of possessing device-making equipment, in violation of 18 U.S.C. § 1029(a)(4) and (c)(1)(A)(ii). Mitchell pleaded guilty to the first count—when asked what he planned to do with the counterfeit cards, he testified that he was going to use them for "partying and stuff like that." Mitchell's criminal history began with offenses like trespass and resisting arrest but later escalated to fraud. Before the restaurant incident, he participated in a fraud scheme involving timeshare properties, for which he pleaded guilty and was sentenced to 60-months' probation—he subsequently violated the terms of his probation. While on pretrial

3

release for the offense at issue here, he again committed credit card fraud—this time, he checked into a hotel with counterfeit cards.  This criminal conduct—along with persistent marijuana use—violated the terms of his pretrial release.

Mitchell's recommended Sentencing Guidelines range was 10–16 months' imprisonment, with a maximum possible sentence of 120 months.  The district court, however, found that the Guidelines range did not adequately reflect the seriousness of Mitchell's conduct.  Specifically, the district court noted that Mitchell's criminal history showed a pattern of escalating fraud, that his motivations for committing fraud were frivolous and self-serving, that his crime involved numerous victims' personal information, and that previous punishments had not deterred him from violating the terms of his probation and pretrial release—or, for that matter, from committing more fraud-related crimes.  The court, therefore, varied upwards from the Guidelines range, sentencing Mitchell to 30 months' imprisonment—nearly double the high-end of the Guidelines range, but far below the maximum 120-month sentence.

Mitchell now appeals his sentence, arguing that it is procedurally and substantively unreasonable.  He claims that the district court inadequately explained why the Guidelines range was insufficient and that the variance was improperly based solely on his criminal history, which was already reflected in the Guidelines range.

4

## II

We review the reasonableness of a sentence "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). A sentence is procedurally unreasonable if the district court "fail[s] to adequately explain [its] chosen sentence." *Id.* at 51. "The sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." *Rita v. United States*, 551 U.S. 338, 356 (2007) (citation omitted). The district court need not discuss on the record each 18 U.S.C. § 3553(a) factor or explain in detail the parties' arguments; rather, it need only acknowledge that it considered the defendant's arguments and the § 3553(a) factors. *United States v. Sarras*, 575 F.3d 1191, 1219 (11th Cir. 2009). We have, however, found procedural error when a district court "failed to give *any* explanation of its reasons for imposing a sentence," providing "no reasoning or indication of what facts justified . . . a significant variance from the advisory Guidelines range." *United States v. Livesay*, 525 F.3d 1081, 1093 (11th Cir. 2008) (emphasis added).

The district court's sentence was not procedurally unreasonable because it sufficiently explained that it was varying upwards due to Mitchell's escalating pattern of criminal history—including fraudulent activities before *and* after his

5

arrest for the offense at issue here—his repeated noncompliance with probation and pretrial release conditions, his frivolous motivations, and the significant number of fraudulent credit cards and sensitive personal information involved in this case.

### III

We review the substantive reasonableness of a sentence for an abuse of discretion. *Gall*, 552 U.S. at 51. We examine whether a sentence is substantively reasonable by considering the totality of the circumstances, including the extent of any variance. *Id.* We "may not apply a presumption of unreasonableness" just because a sentence falls outside the Guidelines range—rather, we must "consider the extent of the deviation" while "giv[ing] due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Id.* The fact that a sentence is well below the statutory maximum penalty can be an indicator of reasonableness. *See, e.g.*, *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008) (holding that the sentence was reasonable, in part, because it was well below the statutory maximum). We reverse only when "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United*

*States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (en banc) (quotation and citations omitted).

The weight given to each § 3553(a) factor is within the district court's "sound discretion." *United States v. Kuhlman*, 711 F.3d 1321, 1327 (11th Cir. 2013) (quotation omitted). A district court can abuse its discretion when it (1) fails to consider "relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *Id.* at 1326–27. Although a court's "unjustified reliance on a single factor" could be symptomatic of unreasonableness, "significant reliance on a single factor does not necessarily render a sentence unreasonable." *Id.* at 1327 (citations omitted). When considering the § 3553(a) factors, a district court is not prevented from also considering previous criminal conduct encompassed by a sentencing enhancement. *See, e.g.*, *United States v. Turner*, 626 F.3d 566, 570–71, 573–74 (11th Cir. 2010).

When the district court decides that a variance is appropriate based on the § 3553(a) factors, it should explain that variance with "sufficient justifications." *Gall*, 552 U.S. at 46. The court's justifications "must be compelling enough to support the degree of the variance and complete enough to allow meaningful appellate review," but "an extraordinary justification" is not required. *United*

*States v. Shaw*, 560 F.3d 1230, 1238 (11th Cir. 2009) (internal quotation marks and citation omitted).

Mitchell's 30-month sentence is not substantively unreasonable—the district court was permitted to consider Mitchell's criminal history and offense conduct in deciding to vary above the Guidelines range, even though such factors were already accounted for in the Guidelines calculation. Additionally, while it was permissible for the district court to give Mitchell's criminal history significant weight, the district court also identified other reasons justifying the upward variance, such as Mitchell's frivolous motive for committing fraud, the number of fraudulent credit cards and the sensitive personal information involved in the case, the minimal deterrent effect previous penalties had on Mitchell's criminal activity, his repeated probation and pretrial release violations, and a need to protect society from further fraudulent activity. We find no abuse of discretion here.

**AFFIRMED.**