[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-12558
Non-Argument Calendar
_____

D.C. Docket No. 5:18-cr-00032-RH-MJF-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RAVI BABU KOLLA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(June 30, 2020)

Before MARTIN, ROSENBAUM, and NEWSOM, Circuit Judges.

PER CURIAM:

Ravi Kolla appeals his 84-month sentence for conspiracy to commit marriage fraud to defraud the United States and conspiracy to commit money laundering.  On appeal, he asserts that his above-guideline sentence was substantively unreasonable because the district court (1) considered improper factors, (2) placed undue weight on his false testimony, and (3) ignored mitigating factors.  After careful review, we affirm.

We review the reasonableness of a sentence under the deferential abuse-of-discretion standard of review.  *Gall v. United States*, 552 U.S. 38, 41 (2007).  A defendant who challenges his sentence bears the burden of showing that it is unreasonable considering the record and the factors enumerated in 18 U.S.C. § 3553(a).  *United States v. Shabazz*, 887 F.3d 1204, 1224 (11th Cir. 2018).  A district court abuses its discretion when it fails to consider relevant factors that were due significant weight, gives significant weight to improper or irrelevant factors, or commits a clear error of judgment by balancing the proper factors unreasonably.  *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc).  The district court must impose a sentence that is "sufficient, but not greater than necessary, to comply with the purposes" listed in § 3553(a)(2), including the need "to reflect the seriousness of the" crime, "promote respect for the law," "provide just punishment," and "protect the public from" the defendant's future criminal conduct.  18 U.S.C. § 3553(a)(2)(A), (C); *see also Irey*, 612 F.3d at 1196.

The district court must also consider "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1).

We have emphasized that we must give due deference to the district court's consideration and weighing of the proper sentencing factors. *Shabazz*, 887 F.3d at 1224. Though the district court must consider all the § 3553(a) factors, it does not have to address each factor explicitly at the sentencing hearing. *United States v. McBride*, 511 F.3d 1293, 1297 (11th Cir. 2007). The district court is not required to weigh the factors equally, and it has discretion to attach greater weight to one factor than another. *United States v. Rosales-Bruno*, 789 F.3d 1249, 1254 (11th Cir. 2015). In addition to the § 3553(a) factors, the district court should consider the particularized facts of the case and the guideline range. *Id.* at 1258–60. But the district court retains discretion to give greater weight to any of the § 3553(a) factors, or combination of factors, than to the guideline range. *Id.* at 1259.

The district court also "has wide discretion to decide whether the [§] 3553(a) factors justify a variance" outside the guideline range. *United States v. Rodriguez*, 628 F.3d 1258, 1264 (11th Cir. 2010). Although sentences outside the Sentencing Guidelines are not presumed to be unreasonable, we may take the degree of any variance into account. *United States v. Turner*, 626 F.3d 566, 573 (11th Cir. 2010). "[A] major variance . . . require[s] a more significant justification than a minor

one," and "the justification [must] be sufficiently compelling to support the degree of the variance." *Irey*, 612 F.3d at 1196 (quotation omitted). But we must give "deference to the district court's decision that the § 3553(a) factors . . . justify the extent of the variance." *Turner*, 626 F.3d at 574 (quotation omitted). In imposing an upward variance, the district court can rely on factors that it had previously considered in imposing an enhancement. *Rodriguez*, 628 F.3d at 1264. Moreover, a finding that the defendant lacked remorse and testified falsely is a valid basis for an upward variance. *See United States v. Feldman*, 931 F.3d 1245, 1253, 1264 (11th Cir. 2019) (affirming a 100-month sentence as substantively reasonable, despite a guideline range of 46 to 57 months, where the defendant lacked remorse and committed perjury); *see also United States v. Mateos*, 623 F.3d 1350, 1367–68 (11th Cir. 2010) (affirming a major upward variance as substantively reasonable based, in part, on the defendant's lack of remorse and false testimony at trial).

In determining whether the district court abused its discretion, we will not reverse a sentence solely because we reasonably could conclude that a different sentence was more appropriate. *Gall*, 552 U.S. at 51. Rather, we will vacate a sentence "if, but only if, we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *Irey*, 612 F.3d at 1190 (quotation omitted). And

4

importantly, we have upheld upward variances matching the statutory maximum as reasonable when necessary to achieve the purposes set out in § 3553(a).  *See United States v. Osorio-Moreno*, 814 F.3d 1282, 1286, 1288 (11th Cir. 2016) (affirming an upward variance to the statutory maximum sentence as necessary to achieve the goals of sentencing).

Here, the district court did not abuse its discretion by varying upward 51 months from the high end of the guideline range and imposing an 84-month sentence.  First, the court properly relied on the number of fraudulent marriages and Kolla's profit from the scheme as grounds for varying upward.  While the Sentencing Guidelines generally account for the number of fraudulent marriages and assume that the defendant engaged in the fraud for profit, the district court was permitted to vary upward by relying on factors already accounted for in the guideline range.  *See Rodriguez*, 628 F.3d at 1264.  The court correctly considered the particularized facts of the case and acted within its discretion to emphasize "the nature and circumstances of the offense."  18 U.S.C. § 3553(a)(1); *see also Rosales-Bruno*, 789 F.3d at 1259–60.

Second, as to Kolla's argument that the court improperly relied solely on his false testimony in imposing the variance, the district court was entitled to rely on Kolla's lack of candor in varying upward.  *See Feldman*, 931 F.3d at 1264.  Moreover, and in any event, the court did not rely solely on this factor in deciding

5

to vary upward.  Rather, the court explained that the variance was based on Kolla's lack of candor and remorse, the nature and circumstances of the offense, deterrence, promoting respect for the law, and the seriousness of the crime, in addition to his willfully false testimony.

Finally, contrary to Kolla's assertion, the district court recognized mitigating factors, including Kolla's lack of criminal history and letters written in support of him, but nevertheless concluded that a sentence within the guideline range would not sufficiently achieve the purposes that underlie § 3553(a).

In sum, the district court did not abuse its discretion in imposing an upward variance, as it appropriately considered all the applicable § 3553(a) factors, did not give inordinate weight to certain factors or ignore others, and properly concluded that an upward variance was appropriate given the nature and circumstances of Kolla's offenses, his lack of candor, lack of remorse, and willful false testimony. Accordingly, we affirm.

**AFFIRMED.**