[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————————

No. 21-12948

Non-Argument Calendar

————————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

RONALD CEDRIC HOWARD, JR.,
a.k.a. Ronald Cecil Howard,

Defendant-Appellant.

————————————————

Appeal from the United States District Court
for the Southern District of Alabama
D.C. Docket No. 1:21-cr-00006-TFM-N-1

————————————————

Before WILSON, BRANCH, and BRASHER, Circuit Judges.

PER CURIAM:

Ronald Howard, Jr., appeals his sentence of 108 months' imprisonment for possession of ammunition by a convicted felon under 18 U.S.C. § 922(g)(1). Howard argues that his sentence was procedurally and substantively[1] unreasonable. He contends that the court erroneously concluded that he possessed the ammunition in connection with another felony offense—namely, unlawful restraint—and as a result erred in applying the cross-reference in U.S.S.G § 2K2.1(c)[2], which resulted in a higher base offense level.

---

[1] While Howard did not object to the substantive reasonableness of his sentence below, he properly preserved his substantive reasonableness argument by asking for a lower sentence. *Holguin-Hernandez v. United States*, 140 S. Ct. 762, 767 (2020).

[2] The relevant portion of U.S.S.G § 2K2.1(c) states

If the defendant used or possessed any firearm or ammunition cited in the offense of conviction in connection with the commission or attempted commission of another offense, or possessed or transferred a firearm or ammunition cited in the offense of conviction with knowledge or intent that it would be used or possessed in connection with another offense, apply—

(A)    §2X1.1 (Attempt, Solicitation, or Conspiracy) in respect to that other offense, if the resulting offense level is greater than that determined above

However, because the district court gave a *Keene*[3] statement that it would have imposed the same sentence regardless of the cross-reference and because the sentence is substantively reasonable, we affirm.

## I.    Background

A federal grand jury in the Southern District of Alabama returned a superseding indictment that charged Howard with unlawful possession of firearms and ammunition as a convicted felon in violation of 18 U.S.C. § 922(g)(1).  Howard pleaded guilty without a written plea agreement to the unlawful possession of ammunition but did not admit to the possession of any firearms.

A probation officer prepared a presentence investigation report (the "PSI") in Howard's case.  Howard's PSI indicated that, on February 11, 2020, Brandy Plummer accepted a ride from three people, including Howard, who sat in the back seat next to her and forced her to perform oral sex on him, after striking her on the head with a firearm and while holding another firearm between his legs. He struck her on the head again when she tried to fight back, and physically assaulted her when she asked to leave the car.  Howard

---

U.S.S.G § 2K2.1(c)(a). Because the defendant used ammunition in connection with the commission or attempted commission of another offense of unlawful restraint, the PSI cross referenced the guideline for the ammunition offense with U.S.S.G. § 2A4.1(a) which has a base offense level of 32.

[3] *United States v. Keene*, 470 F.3d 1347 (11th Cir. 2006).

admitted that Plummer performed oral sex on him but claimed that he paid her, and he denied physically assaulting her. Police found Plummer's identification card in Howard's pocket, her blood on his pants, .38 Special ammunition in his pocket, and two firearms in the car, one of which contained .38 Special ammunition.

Pursuant to the applicable 2018 Sentencing Guidelines, U.S.S.G. §§ 2A4.1(a) and 2K2.1(c)(1)(A), Howard's base offense level was 32 because Howard used the ammunition in connection with the commission of another offense (unlawful restraint). After various enhancements and reductions, his total offense level was found to be 37. His prior convictions resulted in four criminal history points and a criminal history category of III. Based on his total offense level of 37 and criminal history category of III, Howard's guidelines range was 262 to 327 months' imprisonment. Because, however, the guidelines range exceeded the statutory maximum, his guideline range was adjusted to 120 months' imprisonment to reflect the statutory maximum, pursuant to § 5G1.1(b).

Howard objected, in relevant part, to the guidelines calculation, denying that any other offense, including unlawful restraint, occurred. He argued that his base offense level should be 14, pursuant to § 2K2.1, resulting in a lower guidelines range of 24 to 30 months' imprisonment.

At the sentencing hearing, Howard reiterated his objection. The government presented four witnesses, including the victim

Plummer, to prove that the cross reference in U.S.S.G. § 2K2.1(c) was applicable.

The district court found the victim's testimony and statements were credible based on the DNA evidence submitted. It also found that Howard possessed both the ammunition, to which he pled, and the firearms. It found that the firearms facilitated Howard's commission of, "at a minimum," Plummer's sexual assault, which he found that Howard committed beyond a reasonable doubt. It noted that the fact that Howard pled guilty deserved consideration. It explained that the assault could have killed Plummer and, at a minimum, traumatized her and physically hurt her. Thus, the court confirmed that U.S.S.G. § 2K2.1(c) applied for possession of ammunition in connection with another felony offense, adopted the PSI, and imposed a 108 months' imprisonment below-guidelines sentence and 3 years' supervised release.

The court noted that, even if the cross reference did not apply, it would still "depart upwardly because he did commit a sexual assault . . . and did commit an assault, at a minimum, that in my opinion deserves the sentence . . . imposed." Howard objected to the application of the cross reference for the reasons argued earlier.

## II.    Standard of Review

An appellate court reviews the reasonableness of a sentence for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51 (2007).

The court first reviews a sentence for procedural error and then considers whether the sentence is substantively reasonable under the totality of the circumstances. *United States v. Turner*, 626 F.3d 566, 573 (11th Cir. 2010). This Court will not vacate a sentence based on an assertion of procedural error if the district court indicates it would have imposed the same sentence and if the resulting sentence is reasonable. *United States v. Keene*, 470 F.3d 1347, 1348–49 (11th Cir. 2006).

### III.    Discussion

On appeal, Howard argues that there was not sufficient evidence that his possession of ammunition was in connection with the commission or attempted commission of another offense, and therefore the cross reference pursuant to U.S.S.G. § 2K2(c)(1)(A) was in error. He also argues separately that the sentence imposed was greater than necessary, violating 18 U.S.C. § 3553.

A district court commits a procedural sentencing error by sentencing based on clearly erroneous facts, failing to calculate or improperly calculating the guidelines range, failing to consider the § 3553(a) factors, treating the Guidelines as mandatory, or failing to explain the chosen sentence. *Gall*, 552 U.S. at 51. However, we need not reach a Guidelines issue if it made no difference to the sentence imposed by the district court and the ultimate sentence was reasonable. *United States v. Goldman*, 953 F.3d 1213, 1221 (11th Cir. 2020) (citing *Keene*, 470 F.3d at 1349). If the district court states that its sentence would not have changed with a different Guidelines calculation, we assume there was an error, calculate the

guideline range without the error, and analyze whether the sentence would be substantively reasonable under that guideline range. *Keene*, 470 F.3d at 1349. If it is, then we will not address the disputed Guidelines issue because "it would make no sense to set aside this reasonable sentence and send the case back to the district court since it has already told us that it would impose exactly the same sentence, a sentence we would be compelled to affirm." *Id.* at 1350.

A district court abuses its discretion and imposes a substantively unreasonable sentence only if it: (1) fails to consider relevant factors that were due significant weight; (2) gives significant weight to an improper or irrelevant factor; or (3) commits a clear error of judgment in considering the proper factors. *United States v. Rosales-Bruno*, 789 F.3d 1249, 1256 (11th Cir. 2015). We "commit[] to the sound discretion of the district court the weight to be accorded to each § 3553(a) factor."[4] *United*

---

[4] The § 3553(a) factors include,

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed—
>
> > (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> >
> > (B) to afford adequate deterrence to criminal conduct;
> >
> > (C) to protect the public from further crimes of the defendant; and

*States v. Perkins*, 787 F.3d 1329, 1342 (11th Cir. 2015).  We will vacate a district court's sentence as substantively unreasonable "only if we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors" as evidenced by a sentence "that is outside the range of reasonable sentences dictated by the facts of the case." *Goldman*, 953 F.3d at 1222 (quotation omitted).

Here, the district court gave a *Keene* statement, that it would impose the same sentence regardless of the cross-reference. Without the application of § 2K2.1(c), Howard's guidelines range would have been 24 to 30 months' imprisonment.  Therefore, we will consider the substantive reasonableness of the 108-month sentence, in light of the 24 to 30 months' imprisonment range. *See Keene*, 470 F.3d at 1349.

The district court properly weighed the nature and circumstances of the offense, § 3553(A)(1), the seriousness of the offense, § 3553(a)(2)(A), and the sentencing objectives of punishment such as deterrence and incapacitation, § 3553(a)(2)(B–

---

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available . . .

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct . . .

18 U.S.C. § 3553(a).

C).    The court also considered Howard's acceptance of responsibility and explained in detail why it believed the sentence imposed was necessary and appropriate in light of testimony presented at sentencing.  We do "not presume that a sentence outside the guidelines is unreasonable and must give due deference to the district court's decision that the § 3553(a) factors, as a whole, justify the extent of the variance."  *United States v. Irey*, 612 F.3d 1160, 1187 (11th Cir. 2010) (quotation omitted).  Additionally, the sentence imposed is below the statutory maximum of 120 months' imprisonment, another indication that the sentence is within the range of reasonable sentences.  *See Goldman*, 953 F.3d at 1222. Any argument that the sentence was higher than sentences for similarly situated defendants, who pled guilty to possession of ammunition and did not have any violent prior convictions, is unavailing because that defendant would not be similarly situated, as the district court found that Howard committed a sexual assault that greatly traumatized the victim, and possessed two firearms, as well as the ammunition.  We conclude that Howard's 108-month sentence did not fall outside of reasonable sentences dictated by the facts of the case.  Because his sentence is substantively reasonable, we affirm.

**AFFIRMED.**