[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 21-13648

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

COLTIN RYLIE PLUMMER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 2:20-cr-14023-KMM-1

_____

Before Rosenbaum, Branch, and Grant, Circuit Judges.

PER CURIAM:

Coltin Plummer appeals his 600-month total sentence for production and distribution of child pornography in violation of 18 U.S.C. §§ 2251(a) and 2252(a)(2) and (b)(1). First, he argues that the district court procedurally erred at sentencing because it did not adequately explain why it chose a statutory maximum consecutive sentence of 600 months' imprisonment. Moreover, he contends that the court erred by concluding, without proper evidentiary support, that there were more than 15 victims and that he had a proclivity to reoffend. Second, Plummer argues that his sentence was substantively unreasonable because the district court failed to properly apply the 18 U.S.C. § 3553(a) factors during sentencing because his sentence is much greater than the sentence of similarly situated defendants.

## I.    Background

Plummer was charged in a superseding indictment with production of child pornography, in violation of 18 U.S.C. § 2251(a) (Count One), and distribution of child pornography, in violation of 18 U.S.C. § 2252(a)(2) and (b)(1). He pleaded guilty to both counts, pursuant to a written plea agreement. Count One carried a minimum term of imprisonment of 15 years, with a maximum of 30 years. 18 U.S.C. § 2251(e) Count Two carried a minimum term

of imprisonment of five years and a maximum term of 20 years.  *Id.* § 2252(b)(1).

The following is taken from the factual proffer to the plea agreement.

> [In February 2020], an [a]ssistant [p]rincipal [at a Florida middle school], contacted law enforcement about students receiving inappropriate Snapchat messages.  Upon arrival, officers were advised that multiple children, between the ages of eleven and twelve years old, had received lewd and threatening messages from a person on Snapchat calling himself "Johnny Reeves."
>
> Further investigation would reveal, as detailed below, that Coltin Plummer used Snapchat to send threatening and lewd messages to children, most of who[m] were between eleven and fifteen years old. Plummer is a resident of Jupiter, Palm Beach County, Florida, and the children were located in multiple places, including Martin and Palm Beach Counties, Florida; Lucas County, Ohio; York County, South Carolina; and Haldimand County, Ontario Province, Canada.  Plummer sent multiple children images of child pornography, in some instances claiming that he raped the depicted children.   In many of the conversations, Plummer asked the children to watch him masturbate over Snapchat, and threatened to kill

or rape them if they refused. In some instances, Plummer took screenshots of the children's locations and sent it to the children, to imply that he knew where to find them. In two instances, Plummer caused female children to create images of child pornography and send them to him, and in one instance, Plummer sent those images to acquaintances of the child.

With a criminal history of I and a total offense level of 43, Plummer's guideline imprisonment range was life. However, because the statutory maximum (600 consecutive months) was less than the minimum applicable guideline range (life), the guideline term of imprisonment was 600 months. U.S.S.G. 5G1.2(b).

At sentencing, Plummer argued that the district court should vary downward from the guideline of 600 months and impose "any sentence between 15 and 24 years," which would give Plummer "meaningful credit" for his acceptance of responsibility.[1] In response, the government requested a below-guidelines sentence of 40 years' imprisonment in order to give Plummer

---

[1] Plummer received a three-level reduction for acceptance of responsibility, but it did not alter the resulting guidelines range because his offense level was 47 with the reduction, and the guidelines provide that where an offense level is in excess of 43, the offense level will be treated as a 43. *See* U.S.S.G. Ch. 5, Part A (cmt. n.2). Plummer argued at sentencing that due to these circumstances, he did not receive "meaningful credit" for his acceptance of responsibility.

"meaningful credit" for his acceptance of responsibility. The district court explained that given Plummer's age (28), the nature of the offense, and the number of victims in the case, a variance was not appropriate, and denied the request. The district court imposed the statutory maximum on each count to run consecutively for a total of 600 months' imprisonment, followed by a life term of supervised release. The court emphasized the disturbing nature of the offense, and that, although the investigation had revealed only 15 victims, at least 31 images of prepubescent children of a sexual nature were discovered in deleted files on Plummer's phone, which suggested that there were additional victims who were not discovered. The district court explained that it had considered the § 3553(a) factors, and that the sentence imposed achieved the goal of deterrence and need to promote respect for the law. Plummer timely appealed.

## II.    Standard of Review

We review the reasonableness of a sentence for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51 (2007). The Court first reviews a sentence for procedural error and then considers whether the sentence is substantively reasonable under the totality of the circumstances. *United States v. Turner*, 626 F.3d 566, 573 (11th Cir. 2010).

## III.    Discussion

On appeal, Plummer argues that the district court committed procedural error by failing to explain why it imposed

the statutory maximum and by making unsupported factual findings during the sentencing, including that there were potentially more than 15 victims and that he was a recidivism risk. He also argues that the sentence is substantively unreasonable because the court unreasonably balanced the § 3553(a) factors by overemphasizing deterrence and because his sentence is higher than similarly situated defendants who promptly accepted responsibility with criminal history category I.

In reviewing the reasonableness of a sentence, we first consider whether the district court committed a procedural error, such as failing to calculate or improperly calculating the guideline range. *Gall*, 552 U.S. at 51. We ensure that the district court treated the Guidelines as advisory, considered the § 3553(a) factors, did not select a sentence based on clearly erroneous facts, and adequately explained the chosen sentence. *Id.* A district court's acknowledgment that it has considered the § 3553(a) sentencing factors[2] and the parties' arguments is sufficient, and it is not required to explicitly discuss each of them. *United States v. Sarras*, 575 F.3d 1191, 1219 (11th Cir. 2009). Importantly, the weight given

---

[2] The factors that the district court is to consider include, among others, (1) "the nature and circumstances of the offense and the history and characteristics of the defendant"; (2) "the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense" as well as to afford specific and general deterrence and protect the public; and (3) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(1), (2), (6).

to a particular § 3353(a) factor "is committed to the sound discretion of the district court," and it is not required to give "equal weight" to the § 3553(a) factors. *United States v. Rosales-Bruno*, 789 F.3d 1249, 1254 (11th Cir. 2015) (quotation omitted).

While we do not formally presume that a within-guideline-range sentence is reasonable, we ordinarily expect it to be so. *United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008). The refusal to grant a downward variance alone does not demonstrate that the district court failed to afford consideration to mitigating factors. *United States v. Lebowitz*, 676 F.3d 1000, 1016–17 (11th Cir. 2012). We will "vacate the sentence if, but only if, we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (*en banc*).

The sentencing court is permitted to make factual findings based on undisputed statements in a defendant's presentence investigation report ("PSI"), which are deemed admitted. Fed. R. Crim. P. 32(i)(3)(A); *United States v. Beckles*, 565 F.3d 832, 844 (11th Cir. 2009). Additionally, "[t]here is no requirement that sentencing judges confine their considerations to empirical studies and ignore what they have learned from similar cases over the years. Indeed, one of the reasons district courts are given such wide latitude in sentencing is their experience in handling criminal cases." *United States v. Shaw*, 560 F.3d 1230, 1238 (11th Cir. 2009).

Here, Plummer's total sentence was within the guidelines. The sentence is procedurally reasonable because the district court explicitly acknowledged that it considered the § 3553(a) factors and the parties' arguments, and it directly addressed Plummer's arguments for a downward variance.

While Plummer argues that the district court failed to account for his acceptance of responsibility, the district court explicitly addressed his arguments concerning meaningful credit for acceptance of responsibility. Further, the record establishes that the district court explained adequately why it was not varying downward and why a 600-month sentence was necessary "given [Plummer's] age and the nature of the offense, and the number of victims." *See Rita v. United States*, 551 U.S. 338, 357 (2007) (noting that the explanation for a rejection of variance can be "brief"). The weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court, and Plummer has not shown that the district court weighed those factors unreasonably. *Rosales-Bruno*, 789 F.3d at 1254 (quotation omitted).

Plummer's arguments related to the district court's factual finding are similarly unpersuasive. The district court did not clearly err in finding that there was a strong likelihood that there were more victims than those named in Plummer's plea agreement because this factual finding was supported by evidence deemed admitted in the PSI. Plummer's deleted folder on his phone contained 31 images of minors engaged in sexual activity or

lascivious exhibition of their genitals. His phone also revealed that he had recently deleted Snapchat and Tor.[3] While Plummer objected to a two-point adjustment for obstruction of justice for deleting Snapchat and Tor and other images of minors, Plummer did not object to the fact that he had possessed those images and deleted them. Therefore, the district court did not err by finding that there were potentially more than 15 victims who had not been discovered.

The district court also did not clearly err in finding that those with a proclivity for child pornography often reoffend when given an opportunity, based on its experience with similar cases. *See Shaw*, 560 F.3d at 1238 ("[t]here is no requirement that sentencing judges confine their considerations to empirical studies and ignore what they have learned from similar cases over the years."). Additionally, the need to afford adequate deterrence to avoid recidivism and to protect the public is a § 3553(a) factor the district court was required to (and did) consider. 18 U.S.C. § 3553(a)(2)(B), (C). Accordingly, Plummer has not shown that his sentence is procedurally unreasonable.

Turning to the substantive reasonableness of Plummer's sentence, we consider whether a sentence is substantively unreasonable under the totality of the circumstances and in light of

---

[3] Tor is a dark web application that can be used to download and save child pornography files.

the § 3553(a) factors.  *United States v. Cubero*, 754 F.3d 888, 892 (11th Cir. 2014).

In making a decision about whether prison terms should run concurrently or consecutively, a district court "shall consider, as to each offense for which a term of imprisonment is being imposed, the factors set forth in section 3553(a)."  18 U.S.C. § 3584(b).  We have held that § 3584(b) "authorizes the district court to impose a consecutive sentence provided that it first considers the § 3553(a) factors."  *United States v. Covington*, 565 F.3d 1336, 1346–47 (11th Cir. 2009).  "Once those factors are considered, the only limitation on running sentences consecutively is that the resulting total sentence must be reasonable, and ordinarily a sentence within the advisory guidelines range is reasonable."  *Id.* at 1347.

When considering a claim of sentencing disparity, we first consider "whether the defendant is similarity situated to the defendants to whom he compares himself."  *United States v. Duperval*, 777 F.3d 1324, 1338 (11th Cir. 2015).  We have held that evaluating alleged disparities requires more than consideration of just the crime of conviction and the total length of the sentences; factual circumstances must be compared as well.  *United States v. Azmat*, 805 F.3d 1018, 1048 (11th Cir. 2015).

Plummer's guideline sentence was substantively reasonable, as the district court explicitly stated that it considered all the § 3553(a) factors.  The court stated that it had considered the characteristics of the defendant, the circumstances of the offense, and the need to promote deterrence and respect for the law.  While

Plummer argues the judge gave too much weight to deterrence, the weight accorded to each factor is within the court's discretion. *Rosales-Bruno*, 789 F.3d at 1254 (quotation omitted). Additionally, the judge was authorized to impose consecutive sentences once it had considered the § 3553(a) factors because the resulting sentence was within the guideline range and was reasonable. *See Covington*, 565 F.3d at 1347.

Finally, to the extent that Plummer argues that the district court failed to consider the need to avoid unwarranted sentencing disparities, the court stated that it had considered the § 3553(a) factors, which included § 3553(a)(6) and the "need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." While Plummer provided statistics of sentences for defendants convicted of similar offenses, such statistics provided nothing more than the crimes of conviction and the total lengths of the sentences, which was insufficient to establish a sentencing disparity. *See Azmat*, 805 F.3d at 1048; *see also United States v. Johnson*, 980 F.3d 1364, 1386 (11th Cir. 2020) (rejecting disparity claim because "[d]efendant ha[d] not carried his burden to show specific facts establishing that any codefendants are similarly situated").

Accordingly, the district court did not err in sentencing Plummer to 600 months' imprisonment.[4]

---

[4] Because the district court did not err, we need not consider Plummer's request to remand the case to a different district court judge for resentencing.

12                    Opinion of the Court                    21-13648

AFFIRMED.